CHARLES R. WILLIAMS AND A. MILTON HOLDEN v. THE
INTERNATIONAL GRAIN & STOCK BOARD, PRINCI-
PAL DEFENDANT, AND JOHN L. HARPER,
GARNISHEE DEFENDANT. CHARLES
R. EVARTS AND EDWIN EVARTS
v. THE SAME.

[Two cases.]

*Garnishment—Foreign corporation—Summons—Affidavit.*

1. The failure to describe the defendant as a foreign corporation
   in a summons issued under How. Stat. § 8087, which author-
   izes the commencement of suit against a foreign corporation
   where garnishment proceedings have been instituted in aid of
   the principal suit, will not deprive the court of jurisdiction.[1]

2. An affidavit for a writ of garnishment made by one of the
   plaintiffs in the original suit, in which the affiant avers that
   the plaintiffs are justly apprehensive of the loss of the debt
   unless the writ issue, is sufficient, his personal knowledge of
   that fact being presumed.

*Certiorari* to Wayne. (Reilly, J.) Submitted on briefs
February 2, 1894. Decided February 12, 1894.

Garnishment proceedings. Plaintiffs bring *certiorari.*

---

[1] For cases bearing upon the proper construction of How. Stat. §
8087, see:
1. *Wilson v. Circuit Judge*, 82 Mich. 169, holding that the statute
does not cover a case where there are several defendants, some of
whom are residents of this State, and who are personally served
with process within the jurisdiction of the court.
2. *Newland v. Circuit Judge*, 85 Mich. 151, holding:
*a*—That the statute covers a case where the plaintiff is also a
non-resident.
*b*—That it points out the mode of procedure to acquire jurisdic-
tion over the principal defendant, not for the purpose of rendering
a personal judgment against him, but to subject the choses in
action in the hands of the third party to the payment of the
plaintiff's demand, and to this extent it confers jurisdiction upon
the court to proceed.

Judgments quashing proceedings reversed.    The facts are stated in the opinion.

*D. F. Glidden,* for appellants.

*Harry F. Chipman,* for defendants.

GRANT, J.   The records in these cases are identical. The *praecipe* and summons in each did not describe the principal defendant as a foreign corporation or as a non-resident of the State.   The affidavit for the writ of garnishment, which was made and filed at the same time that the *praecipe* was filed and the summons issued, stated that—

"The said defendant is a non-resident of this State, and a corporation created by the state of Illinois."

The affidavit is in compliance with How. Stat. § 8087, under which the proceedings were instituted.   This section will be found in full in *Newland v. Circuit Judge,* 85 Mich. 152.

It is contended that the court had no jurisdiction in the principal case, because the defendant therein was not described in the *praecipe* and summons as a foreign corporation, and therefore it must be inferred that the defendant named was a domestic corporation.   Such particularity is not required in the *praecipe* and summons.   It is sufficient to state therein the names of the parties to the suit.   The declaration must state the character of the parties plaintiff and defendant, and the capacity in which they sue and are sued.   The *praecipe* and summons do not state whether the plaintiffs sue as copartners or otherwise.   This may be stated in the declaration.   So it may be stated therein whether the defendant is a domestic or a foreign corporation.   The statements in the affidavit determine the jurisdiction of the court to issue the writ of garnishment,

where there are proper plaintiffs and defendant in the original suit. This affidavit, with the principal writ and writ of garnishment, is required to be served on the principal defendant within 60 days after service of the writ of garnishment on the garnishee defendant. The statute requires that the affidavit, not the principal summons, shall contain the evidence of non-residence, or that the defendant is a foreign corporation. This fact, therefore, need not be shown in the principal summons.

The affidavit in each case was made by one of the plaintiffs, and stated all the requirements of the statute, and that the said plaintiffs "are justly apprehensive of the loss," etc., "unless a writ of garnishment issue." In *Weimeister v. Manville*, 44 Mich. 408, the affidavit was held defective because the agent of the plaintiff, who made the affidavit, swore that the plaintiff was justly apprehensive,—a fact which he could not know. Where the affidavit is made by one of the plaintiffs, and he swears that they are justly apprehensive, it must be presumed that he has personal knowledge.

We think the court was in error in quashing the proceedings, and the judgments are therefore reversed.

The other Justices concurred.