H. JONES ET AL. v. M. S. AUSTIN.

No. 222.

1. **Fraud on Jurisdiction—Plea of Privilege.**—An account in favor of the Rockwall Farmers Alliance, domiciled in Rockwall County, against H. Jones and T. J. Wood, Jr., neither of whom resided in said county, was transferred to appellee, who instituted suit thereon in Rockwall County against Jones and Wood and the Rockwall County Alliance, alleging that the former were partners and that the latter had guaranteed the account. *Held,* the transfer of the account being simulated, and intended solely for jurisdictional purposes, it was a fraud upon the jurisdiction of the court, and the plea of Jones and Wood claiming their privilege to be sued in the county of their residence should have been sustained and the cause dismissed as to them.

2. **Same—Verification of Plea to Jurisdiction.**—The plea to the jurisdiction was made on behalf of both Jones and Wood, and was duly verified by the affidavit of Wood, who stated that he was cognizant of the facts. This was all that was necessary to make the plea available to both defendants.

APPEAL from the County Court of Rockwall. Tried below before Hon. A. R. HARTMAN.

*Stroud & Chandler* and *J. D. Cunningham,* for appellants.—1. A person whose liability has accrued on such an oral contract as an account, is entitled to the privilege of being sued in the county of his domicile; and when this right has once attached, it can not be defeated by a contract of transfer and guaranty made by the owner of the account with a third person, who sues the guarantor in the county of his residence and joins as codefendant the original debtor, who does not reside in the county where the suit is brought. Loonie v. LeGeirse, 2 Willson's C. C., 477; Holloway v. Blum, 60 Texas, 625.

2. The transfer and guaranty of indebtedness is but a fraudulent contrivance by the guarantor to procure suit against himself, and deprive the original debtor of the privilege of being sued in the county of his residence. Rev. Stats., art. 1198, sec. 4; Pool v. Pickett, 8 Texas, 122; 8 Texas, 46; Cohen v. Munson, 59 Texas, 236; Holloway v. Blum, 60 Texas, 342; Blum v. Strong, 71 Texas, 321; Raymond v. Holmes, 11 Texas, 54; 60 Texas, 177.

*Stanley, Spoonts & Meek,* for appellee.

FINLEY, ASSOCIATE JUSTICE.—This suit was brought by M. S. Austin, in the County Court of Rockwall County, against H. Jones and T. J. Wood, Jr., alleged as composing the firm of H. Jones & Co., and the Rockwall Farmers Alliance, alleged to be a corporation. The basis of the suit was an account of $242 against H. Jones & Co. in favor of the Rockwall

Farmers Alliance, for weighing cotton, which it is alleged had been transferred and guaranteed by the Rockwall Farmers Alliance to the plaintiff, M. S. Austin.

The defendants Wood and Jones did not reside in the county where the suit was brought, but their codefendant did have its domicile in that county. Wood and Jones plead, in abatement, their privilege to be sued in the county of their residence; and alleged, that the transfer of the account sued on to Austin was without consideration, simulated, a sham, and fraud, done solely for the purpose of conferring jurisdiction upon the court, and depriving them of the privilege of being sued in the county of their residence. The court heard evidence on this plea, and overruled it. The evidence upon which the court acted is presented to us in the form of bill of exceptions, and in our opinion no other conclusion is deducible from it than that the transfer was simulated, and intended solely for jurisdictional purposes. This was a fraud upon the jurisdiction of the court, and the plea should have been sustained, and the cause dismissed as to Jones and Wood.

It is contended here that Jones can not complain of this action of the court, because he did not swear to the plea. The plea was made on behalf of both Wood and Jones, and was duly verified by the affidavit of Wood, who stated that he was cognizant of the facts. This was all that was necessary to make the plea available to both defendants.

The defendants Jones and Wood alone assign error and complain of the judgment rendered below. For the error pointed out, the judgment is reversed and the cause is here dismissed as to appellants Jones and Wood.

*Reversed and dismissed.*

Delivered February 28, 1894.