[L. A. No. 1290. Department Two.—August 4, 1904.]

# W. S. BOYD, 3rd, Appellant, v. HENRY LIEFER, Respondent.

CONTRACT—IRRIGATION OF LAND—ORDER FOR DEED — ENCUMBRANCES—PERFORMANCE BY DEFENDANT.—An action will not lie to rescind a contract for the sale of a quarter-interest in a well and plant, from which the defendant agreed to pump water for irrigation of plaintiff's land, which the defendant has fully performed on his part, on the ground that the contract calls for an order for a deed from a third person on whose land the well is situated, and that the land and well are encumbered by an unsatisfied mortgage.

ID.—TERMS OF CONTRACT—SUPPORT OF FINDING.—Where the validity of the contract is not questioned, a finding according to its terms, that plaintiff and defendant agreed upon the order for the deed, is supported by the evidence.

ID.—TERMS WRITTEN BY PLAINTIFF—ESTOPPEL.—Where the plaintiff wrote the body of the contract signed by the defendant, and also the terms of the order for the deed, he cannot question the plain and obvious meaning of the language advisedly employed by him.

ID.—OMISSION IN FINDINGS — STIPULATION IN COURT.—Where it was stipulated in open court that defendant received the money paid by plaintiff for the interest in the well and plant, an omission to find upon the question of such payment is not material.

ID.—OMISSION RENDERED IMMATERIAL.—Omissions in the findings are of no consequence, where they were rendered immaterial by the finding that defendant fully performed the contract upon his part.

ID.—IMMATERIAL EXCLUSION OF EVIDENCE—DILIGENCE OF PLAINTIFF.—It appearing that the action to rescind the contract cannot be sustained at all, the exclusion of evidence to show that plaintiff was diligent in commencing his action for rescission was immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

P. W. Dooner, for Appellant.

A purchaser may always rescind for failure of title or for an unsatisfied mortgage on the land. (*Wilcox* v. *Lattin,* 93 Cal. 593-594; *Reese* v. *Hoeckel,* 58 Cal. 281.)

G. W. Carey, and A. G. Hinckley, for Respondent.

Liefer did not agree to give a deed, but only an order for a deed, and he wholly fulfilled his contract. The plaintiff took his chances on the title and condition of the property. (*Ward v. Packard,* 18 Cal. 392.) The plaintiff bought water for irrigation which he has received and not been deprived of.

HENSHAW, J.—This action was for rescission. Plaintiff appeals from the judgment and from the order denying his motion for a new trial.

The facts found by the court are, that upon the land of one Mrs. H. A. Unruh a well had been dug. Defendant Liefer agreed by written contract with H. A. Unruh, husband of Mrs. Unruh, to install a pumping plant and other machinery for the development of water in the well, and when the same was installed Unruh agreed to convey to Liefer an undivided one-half interest in the eight hundred square feet of land in which the plant and well-shaft were located, "and thereafter the parties hereto shall be equal owners in said plant and ground and any and all water obtained shall be equally divided, each having the use of said plant and water, one half of every month, and each bearing the expense of operating during such time." Plaintiff, having actual knowledge of this contract and of the existing condition of affairs, then entered into an agreement with Liefer in the words and figures following:—

"To whom it may concern:

"Be it known that for the sum of six hundred dollars ($600.00) to me in hand paid, receipt whereof is hereby acknowledged, I hereby sell to W. S. Boyd 3rd, his heirs or assigns, a one undivided one-quarter interest in and to a certain well of water on land owned by Mrs. H. A. Unruh, being on lot one (1) block ninety-five (95) of the Santa Anita Tract. I also hereby agree for myself, my heirs and assigns, to install a good and sufficient pumping plant with all necessary pipe connections, engines, etc., sufficient to raise the water to a point of height sufficient to irrigate the land of said Boyd. I also hereby give said Boyd an order on Mrs. Unruh to deed to him direct said undivided quarter interest in and to the aforementioned well & plant.

"In witness hereto I hereby sign my name this 3rd day of September, 1900. HENRY LIEFER.''

This agreement, signed by Liefer, was actually drawn in the handwriting of the plaintiff. After the execution of this agreement and the payment of the six hundred dollars, plaintiff discovered that the Unruh property, including the well, was covered by an unsatisfied mortgage. He contended for a deed of his quarter-interest free from the mortgage encumbrance, and, failing to secure it, brought his action to rescind. The trial court found that the defendant had fully performed his part of the contract, and refused plaintiff relief.

The first proposition raised is, that the evidence is insufficient to support the finding to the effect that plaintiff and defendant entered into a written contract whereby (amongst other things) defendant agreed "to give plaintiff an order cn said Mrs. H. A. Unruh for a deed to an undivided one-quarter interest in and to the well and plant." But, as this finding is in words an almost literal transcript from the above quoted agreement of Liefer, the validity of which agreement is in no wise questioned, it is impossible to perceive how it can be said that the finding is not supported by the evidence. Plaintiff wrote not only this agreement but the order for a deed upon Mrs. Unruh which accompanied it, and, under these circumstances, he can scarcely be heard to question the plain and obvious meaning of the language which he thus advisedly employed.

It is next contended that the court failed to find upon certain material issues, one of these being the payment or non-payment of the six hundred dollars to defendant, but, as appears by the record, it was stipulated in open court that the defendant did receive the six hundred dollars from the plaintiff at the time of the execution of the contract, and a finding, therefore, was unnecessary. It is next urged that the court failed to find upon the allegation in the complaint that the respondent, at the time he contracted with the appellant, assured the appellant that he was prepared and ready to carry out his agreement, but a failure to find upon the "assurances" of the defendant becomes immaterial in view of the finding of the court actually made that the defendant did fully carry out his agreement. So of the other allegations of the failure of the court to find upon issues joined,—they are one and all

immaterial in view of the finding of performance by the defendant which the court made.

It is finally insisted that the court erred in sustaining an objection to a question proposed to appellant as a witness in his own behalf to this effect: "What representations, if any, did Mr. Liefer make to you with regard to his ability to give you a deed during all that interim? What did he say?" The purpose of this question was to show that plaintiff had not been dilatory in beginning his action for a rescission; but, we repeat, as the court found upon sufficient evidence that the defendant had fully performed his contract, and that therefore an action for rescission could not lie, it became immaterial to enter into a consideration of the reasons leading to any delay upon plaintiff's part in commencing it.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.