ST. LOUIS, S. F. & T. RY. CO. v. WALL.

(Court of Civil Appeals of Texas. Amarillo. March 14, 1914. Rehearing Denied April 11, 1914.)

1. TRIAL (§ 340*)—VERDICT—DIRECTION.
 Where, in an action for damages to a shipment of cattle, the jury's findings showed that the verdict had been rendered for too great an amount only by a mistake in computation, the court was not required to either set the verdict aside or render judgment for the amount returned, but, the facts as to the number of cattle damaged and the amount of depreciation having been agreed on, it was proper to render judgment for the correct amount.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795–799; Dec. Dig. § 340.*]

2. CARRIERS (§ 218*)—TRANSPORTATION OF ANIMALS—NOTICE OF INJURIES—WAIVER.
 Where defendant carrier had notice of plaintiff's claim for damages to a shipment of cattle, and, through its agent, conferred with plaintiff with reference to the claim, the agent promising to help plaintiff collect it, a provision in the written contract of shipment for notice in writing of any damages sustained, within 91 days after delivery of the cattle was waived.
 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

3. TRIAL (§ 357*)—SPECIAL FINDINGS—CORRECTION.
 In an action for damages to a shipment of cattle, an answer to a special interrogatory asking whether there was a written contract between plaintiff and defendant on the shipment in question and whether it was the one introduced in evidence by defendant, that "there was a contract considered for transportation," was not fatally defective, as unresponsive and evasive, where the jury's answers to previous interrogatories propounded plainly stated that there was a written contract between the parties.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 855; Dec. Dig. § 357.*]

4. TRIAL (§ 216*)—INSTRUCTIONS—DAMAGES.
 Acts 33d Leg. c. 59, art. 1984—a, amending Rev. St. 1911, c. 14, tit. 37, provides that, in submitting special issues, the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. Held that, under such section, where a case is submitted to the jury on special issues, it is not necessary that the court charge on the measure of damages.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 484; Dec. Dig. § 216.*]

5. PLEADING (§ 422*) — VERIFICATION — FAILURE TO VERIFY—WAIVER.
 Failure to verify a plea of failure of consideration is waived, unless objected to in the trial court before going to trial.
 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1414–1417; Dec. Dig. § 422.*]

Appeal from Hardeman County Court; W. S. Banister, Judge.

Action by E. J. Wall against the St. Louis, San Francisco & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Fires, Decker & Clarke, of Quanah, for appellant. M. M. Hankins and J. C. Marshall, both of Quanah, for appellee.

HALL, J. This is a suit by the appellee against the appellant filed in the county court of Hardeman county for damages to a shipment of cattle from Quanah, Tex., to Kansas City, Mo. It was submitted to a jury on special issues, resulting in a verdict in favor of appellee in the sum of $599.48.

[1] The first assignment of error is that the court erred in rendering judgment for $599.48, when the finding of the jury in reply to the question, "What, if anything, do you think plaintiff has been damaged by the negligence of defendant?" was, "Seven hundred and forty-four and twenty-five one hundred dollars," appellant's contention, under this assignment, is the court was bound by this finding, and should have either set the verdict aside, or rendered judgment for $744.25. Upon further issues submitted to the jury, they found that the shrinkage per head upon the grown cattle amounting to 175 in number, was 30 pounds, and that the shrinkage per head of the 17 calves was 15 pounds; that the market value of the cattle on the 24th day of March, when they should have reached the market, was 15 cents per hundredweight higher than on the 25th, when they reached the market and were sold. The court, reciting in the judgment that it appearing by an agreement and stipulation in writing filed by the attorneys in the case that the account sales might be introduced for the purpose of showing the weight of the cattle and the price at which they were sold, proceeded to calculate the amount of damages, and ascertained that the jury had made a miscalculation. The court then entered judgment for the correct amount, based upon the above findings. We are cited by appellant to several cases which hold that the court cannot, in rendering judgment upon special findings, refer to the evidence for facts upon which to base the judgment, but is confined to such facts as appear from the special verdict. It was not necessary for the court

to submit to the jury the questions of the weight of the cattle, nor the price at which they were sold. These were agreed facts, and the court properly referred to them, even though there had been no finding of the jury upon such issues. Boyd v. Liefer, 144 Cal. 336, 77 Pac. 953; Jennings v. Frazier, 46 Or. 470, 80 Pac. 1011.

The second assignment is that the court erred in not giving appellant's peremptory instruction to find for appellant upon the terms of the written contract of shipment stipulating that appellant should give notice in writing, within 91 days after delivery of the cattle, of any damages sustained by him. The jury found that the cattle were loaded by defendant under a verbal contract, and that there was no new consideration moving to plaintiff as an inducement to him to sign the written contract; that the same was signed after the cattle were loaded, and no time was given him in which to read it, but that it was understood between the parties that it was signed in order to obtain transportation for the caretaker accompanying the shipment.

[2] The jury further found that the stipulation for notice was unreasonable, and that defendant had notice of plaintiff's damages, and, through its agent, conferred with appellee with reference to the claim, promising to help him collect it. Under these findings, this assignment must be overruled, and the stipulation must be held to have been waived, even if we should hold it reasonable. What is here said disposes of the third assignment also.

[3] Appellant's fourth assignment urges the proposition that judgment cannot be rendered upon the jury's findings where an answer to a special issue submitted to them on a material issue in the case is vague, uncertain, unresponsive, and evasive, and when it cannot be determined definitely what the answer is. This assignment is predicated upon the following question and answer: "Was there a written contract between plaintiff and defendant on the shipment in question, and was it the one introduced in evidence by defendant?" To which the jury answered: "There was a contract considered for trans-portation." If there is anything uncertain in this answer, it is rendered certain by the answers of the jury to previous questions propounded to them, in which they state plainly that there was a written contract between the parties.

[4] The fifth assignment is that the court erred in not giving to the jury, in connection with the tenth question, the measure of damages to guide them in arriving at the amount of damages plaintiff was entitled to. The tenth question is: "What, if anything, do you find plaintiff has been damaged by the negligence of the defendant?" The rule announced in Q., A. & P. Ry. Co. v. Galloway, 154 S. W. 653, and authorities there cited, to the effect that the court should charge on the question of damages, whether specially requested so to do or not, has no application to a case submitted upon special issues. Acts of the 33d Legislature, p. 113, art. 1984—a, amending chapter 14, tit. 37, R. S., provides: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues"—and this seems to be the extent of the charge required by the statute in such cases. Under this statute, it was not necessary for the court to charge upon the measure of damages. The jury having found the facts upon which the extent and amount of appellee's damages could be ascertained, the court could enter judgment accordingly.

[5] The sixth assignment of error submits the proposition that, because the plea of failure of consideration filed by appellee was not sworn to, the court should not have submitted the question of failure of consideration to the jury. Failure to verify a plea of failure of consideration is a defect which must be raised in the trial court and before going to trial; otherwise it is waived. Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; G., C. & S. F. Ry. Co. v. Jackson & Edwards, 86 S. W. 47; Phillips v. Patillo, 18 Tex. 518; Williams v. Bailes, 9 Tex. 61.

Appellant's brief fails to assign any reversible error, and the judgment is affirmed.