QUEEN INS. CO. et al. v. KELLER et al. (No. 5739.)

(Court of Civil Appeals of Texas. San Antonio. May 10, 1916.)

1. RELIGIOUS SOCIETIES ☖➙31(5)—TRUSTEES—ADMINISTRATION — POWERS OF MEMBER — GARNISHMENT.

It must be presumed that one member of the board of trustees of a church who, with the others, was plaintiff in a garnishment suit, had full authority to make application on behalf of all of them for writs of garnishment and to make the statutory affidavit.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 205; Dec. Dig. ☖➙31(5).]

2. PLEADING ☖➙297—VERIFICATION—SUFFICIENCY.

If all plaintiff church trustees be regarded as several, any one of them could verify a pleading for the use of all, under specific provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1829b.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 888, 889; Dec. Dig. ☖➙297.]

3. PLEADING ☖➙297—VERIFICATION—SUFFICIENCY.

A plea of privilege in behalf of two defendants, but verified only by one, is sufficient to make the plea available to both.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 888, 889; Dec. Dig. ☖➙297.]

4. RELIGIOUS SOCIETIES ☖➙31(5)—ADMINISTRATION—POWERS OF CHURCH TRUSTEES.

If church trustees are joint, it will be presumed that one of them who made application and affidavit for writ of garnishment was authorized by all of them jointly to do so, since, if they were corporation trustees, they had the power of corporation management, and, if they were trustees of an unincorporated church, they will be presumed to have the same powers as corporation directors.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 205; Dec. Dig. ☖➙31(5).]

5. RELIGIOUS SOCIETIES ☖➙31(4)—ACTIONS—PRESUMPTIONS.

Where an application for writ of garnishment shows on its face that the affiant is a trustee of a church, his act will be considered as the act of the church itself.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 205; Dec. Dig. ☖➙31(4).]

6. CORPORATIONS ☖➙670(8)—FOREIGN CORPORATIONS —GARNISHMENT—DEFAULT—"RESIDENT."

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 282, providing for default against gar-

nishees resident in the county if they fail to answer, a foreign corporation cannot enjoin execution under a default judgment against it as garnishee, where it has a resident local agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2638; Dec. Dig. ☞670(8).

For other definitions, see Words and Phrases, First and Second Series, Resident.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Suit for injunction by the Queen Insurance Company and another against C. A. Keller and others, trustees of the Travis Park Methodist Episcopal Church South. From an order denying temporary injunction, plaintiffs appeal. Affirmed.

Lipscomb & Lipscomb, of San Antonio, for appellants. C. A. Keller, of San Antonio, for appellees.

SWEARINGEN, J. This is an appeal by the Queen Insurance Company and the National Fire Insurance Company from an interlocutory order of the district court refusing a temporary injunction.

On November 26, 1915, appellants filed their original petition, and, among other facts, averred substantially that: On June 2, 1914, Louis Oge, J. N. Brown, H. E. Hildebrand, J. V. Spring, T. M. Dechman, A. B. Stephens, and C. A. Keller, trustees of the Travis Park Methodist Episcopal Church South, had filed suit No. B–8133 against Mrs. M. P. Field for debt represented by four promissory notes aggregating $1,200 principal. On the same day the said trustees filed the following application for writs of garnishment against the appellant insurance companies:

"No. B–8134.

"Louis Oge et al., Trustees of Travis Park Methodist Episcopal Church South, v. Mrs. M. P. Field.

"In the District Court, Fifty-Seventh Judicial District, Bexar County, Texas.

"Application for Garnishment.

"Now comes A. B. Stephens, one of the plaintiffs in the above-styled cause, now pending in the district court, Fifty-Seventh judicial district, and applied for writ of garnishment to issue to the Queen Insurance Company of New York and the National Fire Insurance Company of Hartford, Conn., and represents unto the court:

"(1) That on the 2d day of June, A. D. 1914, plaintiffs Louis Oge, J. N. Brown, H. E. Hildebrand, J. V. Spring, T. M. Dechman, A. B. Stephens, and C. A. Keller, trustees of Travis Park Methodist Episcopal Church South, sued Mrs. M. P. Field, defendant in the above-styled and numbered cause, upon four promissory notes for the sum of $1,200 principal, $15.96 interest, and $121.59 attorneys' fees, and all costs of suit, that such debt is just, due, and unpaid, and that defendant, Mrs. M. P. Field, has not, within his knowledge, property in her possession within this state subject to execution, sufficient to satisfy such debt.

"(2) Plaintiffs say they have reason to believe and do believe that the garnishees, Queen Insurance Company of New York and the National Fire Insurance Company of Hartford, Conn., both of which are private foreign corporations, and doing business in the city of San Antonio, in Bexar county, Tex., and of which Fred J. Johnston and Arthur C. Burnett, both residents of Bexar county, Tex., are local agents of said garnishees above named, are indebted to said Mrs. M. P. Field, defendant, or that they have in their hands effects belonging to said defendant.

"(3) Plaintiffs say that the writ of garnishment applied for herein is not sued out to injure either the defendant or the garnishees.

                  "[Signed] A. B. Stephens.

"Subscribed and sworn to before me this 2d day of June, A. D. 1914.

"[Seal.]                  Ira B. Hill,

"Notary Public, Bexar County, Texas."

Writs of garnishment were legally served upon the agents of appellant companies resident in Bexar county, Tex. The garnishment suit was docketed as No. B–8134. Appellant companies filed no answer in the garnishment suit. On February 10, 1915, the court rendered a decree in the garnishment suit No. B–8134 in favor of the trustees against both the garnishees, the appellants herein, for the sum of $1,406.79, being the amount of the judgment previously awarded the trustees against Mrs. M. P. Field in suit No. B–8133, and ordered that execution might issue for same. It was for a temporary injunction against the issuance of this execution that appellants prayed in their petition filed November 26, 1915, and it is the court's order refusing this temporary injunction of which appellants now complain in this appeal.

Appellants complain that the trial court should have granted the temporary injunction because the judgment in the garnishment suit No. B–8134 was null and void, and assign three propositions as reasons why the garnishment judgment was void. The first proposition is:

"That the writ of garnishment directed to the plaintiffs herein in the garnishment suit was void because no proper or valid application or affidavit was made therefor previous to the issuance thereof; that, such void writ being the only process by which it was attempted to clothe the court with jurisdiction over the garnishees, the court did not have the power to enter a valid judgment by default."

The second proposition is:

"That, assuming that A. B. Stephens actually possessed the requisite authority to make the affidavit for the writ of garnishment in behalf of his cotrustees, the affidavit, and hence the writ, were void, and did not confer jurisdiction upon the court to enter the default judgment, because it did not appear therein, either by affirmative statement or by way of recitation, that the said A. B. Stephens had such authority."

It will be observed that A. B. Stephens, one of the trustees and one of the plaintiffs, made application for the writ of garnishment on behalf of all the trustees, naming them; that A. B. Stephens alone made the affidavit. Appellants contend that the affidavit can be made only by the plaintiff in the main suit to which the garnishment suit is auxiliary, or by an agent or attorney, and, if by an agent or attorney, the capacity of affiant and his authority must appear in the application or affidavit itself, and that the application and affidavit here considered are

wholly wanting in these particulars. Appellants further contend that the trustees could only exercise the power vested in them as a body by a unanimous joint action.

[1] There is no merit in the propositions and reasons of appellants. It must be presumed that A. B. Stephens, one of the trustees and one of the plaintiffs, had full authority to make the application on behalf of all the plaintiffs for the writs of garnishment, and that he had authority to perform the ministerial act of making the statutory affidavit.

[2] If all the plaintiffs be regarded as several, then article 1829b, Vernon's Sayles' Tex. Civ. Statutes, authorizes one of several plaintiffs to make affidavit to pleadings for use of all the plaintiffs.

[3] A plea of privilege made in behalf of two defendants, but verified by only one was sufficient to make plea available for both defendants. Jones v. Austin, 6 Tex. Civ. App. 505, 26 S. W. 144. One of several plaintiffs made affidavit that all plaintiffs were apprehensive—sufficient. Williams v. International Grain & Stock Board, 99 Mich. 80, 57 N. W. 1090. One member of firm made affidavit—sufficient. Dodson v. Warren, 162 S. W. 952.

[4] If, as contended by appellants, the trustees are joint, then it will be presumed that Stephens was authorized by all of them jointly to make this application for garnishment in behalf of all of them and to perform the ministerial act of making the affidavit; for, if the plaintiffs were trustees of a corporation they had the power of managing the corporation, and if they were trustees of an unincorporated church, they will be presumed by the courts to have the same powers as directors of private corporations. Clark v. Brown, 108 S. W. 421; Id., 102 Tex. 323, 116 S. W. 360, 24 L. R. A. (N. S.) 670.

[5] Since the application shows on its face that Stephens was a trustee, his act will be considered as the act of the Methodist Episcopal Church itself.

For a clear and learned exposition of the law here pronounced see the case of American Soda Fountain Company v. Stolzenbach, 75 N. J. Law, 721, reported in 68 Atl. 1078, and annotated in 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822. This court held that the affidavit of a treasurer was sufficient. Le Tulle M. Co. v. Markham, 94 S. W. 416.

[6] Appellants' third proposition is as follows:

"That the court did not have the power to render such default judgment, because plaintiffs were both foreign corporations, and at the time of the rendition of such judgment were not 'residents' of Bexar county, Tex., as was necessary, under article 282, Vernon's Sayles' Civil Statutes, to support such default judgment."

This proposition has been decided adversely to appellants in the case of Lash v. Morris County Bank, 54 S. W. 806, and again in the case of Harris v. Cozart Grain Company, 178 S. W. 733.

We conclude that the trial court did not err in its order refusing a temporary writ of injunction.

The judgment is affirmed.