[Civ. No. 3596. Second Appellate District, Division One.—May 12, 1921.]

FRED HOFFMAN, Respondent, v. JAMES KENNEDY, Defendant; GUARDIAN CASUALTY AND GUARANTY COMPANY (a Corporation), Appellant.

[1] DRAINAGE ACT — PROTECTION OF SUBCONTRACTORS — BOND — CONSTRUCTION OF ACT OF 1903.—The only authority vested in the board of supervisors to provide for the protection of materialmen and laborers as subcontractors in the matter of the construction of a storm-drain pursuant to the act of March 21, 1903 (Stats. 1903, p. 354), is the exaction of the bond required by section 8a of such act.

[2] ID.—INAPPLICABILITY OF MECHANIC'S LIEN LAW AND PUBLIC WORK ACT.—The provisions of section 1183 of the Code of Civil Procedure, relating to liens of mechanics upon structures other than those of a public character, and of the act of 1897, as amended in

1915, relating to claims for public work, are not applicable to work done under the Drainage Act of 1903.

[3] ID.—INSUFFICIENT BONDS—FAILURE TO COMPLY WITH REQUIRE-MENTS OF ACT.—A bond not running to the county, but to any and all persons performing labor or furnishing materials and not conditioned for the faithful performance of the contract, and a bond in the penal sum of one-fourth of the contract price and conditioned in accordance with the public work act of 1897, as amended in 1915, fail to comply with the requirements of section 8a of the Drainage Act of 1903, and no recovery can be had thereon by subcontractors.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton and Kyle Grainger for Appellant.

Hartley Shaw for Respondent.

SHAW, J.—Defendant Guardian Casualty and Guaranty Company appeals upon the judgment-roll alone from a judgment rendered against it as surety upon a bond to indemnify all persons performing labor or furnishing materials in the execution of a contract between the county of Los Angeles and James Kennedy for the doing of certain public work.

The material facts of the case, as shown by the findings, are as follows: The county of Los Angeles, on November 8, 1916, duly entered into a contract with defendant Kennedy for the construction of a storm-drain in the district known as Long Beach Drainage District No. 1, at a cost of $84,936. The contract included the work of excavating a trench in State Street, in the city of Long Beach, wherein to construct the storm-drain, and, as a part of the work, provided for the refilling of the trench and resurfacing of the street. On January 16, 1918, plaintiff entered into a contract with Kennedy pursuant to which he, for $2,477.10, furnished materials and did all of said resurfacing work so required of Kennedy under his contract with the county, which work plaintiff completed on May 17, 1918. Whereupon, default having been made in the payment of the amount due under the terms of the contract, plaintiff instituted this action to recover the same upon two bonds executed by Kennedy on

November 8, 1916, with the Guardian Casualty and Guaranty Company as surety thereon, each of which bonds is made the subject of a separate cause of action as set forth in the complaint.

The county of Los Angeles, in having the storm-drain constructed, acted under and in accordance with the provisions of an act entitled, "An act to promote the drainage of wet, swamp and overflowed lands, and to promote the public health in the communities in which they lie," approved March 21, 1903. (Stats. 1903, p. 354, and the amendments thereto, which act as so amended appears in Deering's Gen. Laws as Act 986.)

The act (sec. 8a) provides that, "before entering upon such contract, a bond shall be executed and filed, running to the county, in an amount not less than one-half of the contract price of the work, signed by the contractor and two or more sureties, who shall aggregatedly, unless surety companies, qualify before an officer entitled to administer the oath in a sum equal to the amount of the bond, each surety in the amount for which he becomes surety. Such bond shall be conditioned for the faithful execution of the contract by the party contracting to do the work, and the payment by him for all labor and materials furnished for or in the doing of the work. The form and sufficiency of said bond shall be passed upon by some member of the board of supervisors, and such bond shall inure as well to the benefit of any and all persons furnishing labor or materials for the work as to the county."

As stated, two bonds were made at the time of the execution of the contract, each of which is separately set out in the complaint and upon each of which plaintiff as subcontractor bases his right to recover the amount due under the contract made with Kennedy for the work performed and materials furnished in resurfacing the street.

Appellant attacks both instruments upon the ground that they are insufficient in that neither of them purports to be given under and in accordance with the provisions of the statute, while, on the other hand, respondent, conceding the instruments cannot be construed as common-law bonds, insists that both in terms and substance substantially comply with the provisions of section 8a of the statute above quoted.

Reference to the first bond declared upon in the complaint clearly discloses the fact that in its execution the parties had in view the provisions of section 1183 of the Code of Civil Procedure, providing for liens of mechanics upon structures other than those of a public character. While the statute pursuant to which the bond was exacted, in clear and positive terms requires that the bond in such cases *shall run to the county* and be conditioned for *the faithful execution of the contract* by the contractor, the bond in question names as obligee therein, *not the county,* but "any and all persons who perform labor upon or furnish materials to be used in the work," etc., and omits altogether the required condition that the contractor *shall faithfully execute the contract.* It thus appears that the bond, headed "Bond to Laborers and Materialmen," not only omitted material provisions required by the express terms of the statute to be inserted therein, but it contained other provisions clearly showing that it was not executed under section 8a of the Drainage Act, but was in form and substance the bond required by section 1183 of the Code of Civil Procedure.

The second bond set forth in the complaint and given at the same time is in the penal sum of one-fourth the contract price named in the contract, whereas the statute in express terms requires that it shall be in an amount not less than *one-half* of the contract price named. While it runs to the county, it is conditioned not only that the contractor shall faithfully perform the work and pay for materials and labor, but also pay for "provisions, provender or other supplies, or teams used in, upon or for or about the performance of the work contracted to be done," and provides that the surety, in case of default on the part of the contractor, will pay the same, "provided that such claims or claim shall be filed as required by an act of the legislature of the state of California entitled 'An act to secure the payment of the claims of materialmen, mechanics or laborers employed by contractors upon state, municipal or other public work,' approved March 27, 1897, as amended by an act of said legislature approved May 29, 1915." Not only does it appear that this bond was given under the provisions of the act referred to therein, rather than under and in accordance with the provisions of section 8a of the Drainage Act, but

that it is not the bond required by the statute for the reason that it, in violation of the statute, fixes the amount of the bond at one-fourth of the contract price instead of a sum not less than one-half thereof, as directed by the statute.

[1] The only authority vested in the board of supervisors to provide for the protection of materialmen and laborers as subcontractors under Kennedy was the exaction of the bond required by said section 8a. [2] By reference to the bonds, it is apparent that in the execution of the one the parties were guided alone by the provisions of section 1183 of the Code of Civil Procedure, and in giving the other they acted under and in accordance with the provisions of the Public Improvement Act of 1897, neither of which statutes is applicable to work done under the Drainage Act of 1903 and pursuant to which the improvement was made.

[3] Respondent, while conceding the bonds, when measured by the requirements of the statute, are not only irregular in form, but that in substance they contain conditions not authorized thereby and omit other and material provisions which the statute in express terms requires to be inserted therein, nevertheless insists the instruments, both in form and substance, are in substantial conformity with the law. In support of this claim he cites a number of authorities from other jurisdictions, an examination of which, however, discloses that the courts in considering purported statutory bonds containing unwarranted conditions and where like omissions occurred, upheld their validity upon the theory that they were common-law bonds. In our opinion, none of the cases cited are applicable to the facts involved in the instant case. The instruments clearly fail to comply with the requirements of the statute under which they were given, and, however reluctant we feel to reverse a judgment obtained upon a bond given, as here, by a commercial company for a compensation accepted for the service and no doubt intended for plaintiff's protection, we —since they, as conceded by respondent, cannot under the laws of this state be deemed common-law bonds—feel compelled to so declare.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.