MOSCOW INDEPENDENT SCHOOL DIST.
et al. v. LUFKIN HOME BLDG. CO.
(No. 1161.)

(Court of Civil Appeals of Texas. Beaumont.
Dec. 19, 1924.)

1. Pleading ⬥302—Verification of plea by members of board of trustees of school district sufficient.

In action against school district and members of board of trustees, verification of plea of privilege, by members of board, which did not state it was being made in behalf of school district, *held* sufficient under rule that verification of one of defendants joining in plea inures to benefit of all; it appearing that district was party to plea.

2. Schools and school districts ⬥118—Architect not proper party in action by contractor against school district.

In action against school district for balance due on building contract, architect who was to be final judge in disputes between parties *held* not necessary or proper party, where no relief was or could be sought against him.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by the Lufkin Home Building Company against the Moscow Independent School District and others. From an order overruling a plea of privilege, defendants appeal. Reversed and remanded, with directions.

Campbell & Murphy and Feagin & Feagin, all of Livingston, for appellants.
Coleman & Lowe, of Woodville, for appellee.

WALKER, J. This is an appeal from an order overruling a plea of privilege. The action was brought by appellee against appellants, the Moscow independent school district, a corporation, with its domicile in Polk county, Tex., the trustees of said school district in their official capacity, and also against them individually. All these defendants were citizens of Polk county, Tex., and had no residence or place of business outside of Polk county, Tex. Appellee joined, as party defendant, one A. D. Walker, who lived in Angelina county, Tex., and sought to sustain the venue of its cause of action in Angelina county on the theory that Walker was a necessary or proper party. The suit was for the balance due on a building contract, under which appellee built for appellant, Moscow independent school district, a school house in Polk county, Tex. The plea of privilege of the defendants, Moscow independent school district and its trustees, both in their official and personal relations, was sufficient as to form, and was verified as follows:

"The State of Texas, County of Polk.

"Before me, the undersigned authority, on this day personally appeared, W. D. Winston, R. S. Adams, Billie Clark, H. C. Parrish, George W. Sellars, J. T. Maney, and L. M. Cook, members of the board of trustees of the Moscow independent school district, defendant in the above entitled and numbered cause, who being by me duly sworn, say that the above plea is true in substance and in fact.

"W. D. Winston.
"L. M. Cook.
"J. T. Maney.
"Billie Clark.
"R. S. Adams.
"Geo. W. Sellars.
"H. Z. Parrish.

"Sworn to and subscribed before me this the 29th day of March, A. D. 1924. M. Parrish, Notary Public, in and for Polk County, Tex."

The pleadings of appellee reflected that one of the board of trustees, naming him, was president of the Board, and that one was secretary.

By the terms of the contract under which the building was erected by appellee for Moscow independent school district, A. D. Walker was named as architect, and the contract specially provided:

"Should any dispute arise respecting the true meaning of drawings and specifications, the same shall be decided by architect, and his decision shall be final." -

Though Walker was named by appellee as a party defendant, no relief of any kind whatever was asked against him, nor does it appear that the petition could be amended so as to state a cause of action against him.

Opinion.

[1] Conceding that the plea of privilege is sufficient, in substance, appellant contends that it was defective as to verification, because the jurat of the officer does not state that the affiants were verifying the plea on behalf of Moscow independent school district. The verification was sufficient. The plea on its face reflects that it was being made and filed on behalf of each and all of the defendants named, and Moscow independent school district was specially named as one of the complaining parties. It appears from the pleadings that one of the affiants to the plea was president of the board of trustees of Moscow independent school district, and one of them was secretary. We understand the rule to be that, where defendants join in a plea of privilege seeking the same relief, a verification by one of those named enures to the benefit of all. Queen Ins. Co. v. Keller (Tex. Civ. App.) 186 S. W. 359.

[2] A. D. Walker was neither a necessary nor a proper party to appellee's petition.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The fact that he was selected by the contracting parties as architect did not give appellee a cause of action against him under the building contract on appellee's allegations that it had completed the contract in compliance with its obligation and claimed a balance due for the work done. It follows that the judgment of the trial court overruling appellants' plea of privilege must be reversed and this cause remanded, with instructions to transfer this case to the district court of Polk county, where the venue properly lies.