## DYO et al. v. WINNINGHAM.
### No. 2431.

Court of Civil Appeals of Texas. El Paso.
June 19, 1930.

Rehearing Denied July 24, 1930.

Order Denying Rehearing Set Aside
Aug. 8, 1930.

Leave Granted to File Amended Motion for Rehearing and Original and Amended Motions
for Rehearing Overruled Sept. 22, 1930.

For former opinion, see 30 S.W.(2d) 381.

Davis, Tittman, Roche & Miranda, of El Paso, for appellants.

M. M. Winningham and Knollenberg & Cameron, all of El Paso, for appellee.

PELPHREY, C. J.

A previous motion for rehearing was overruled in this cause, but later such order was set aside and appellee granted leave to file an amended motion, in which, as a further ground, appellee contends that we committed error in reversing and rendering judgment as to appellants North Mexico Mining Company and H. Kishi, the plea of failure of consideration not having been verified by them or on their behalf.

The answer filed by appellants was verified as follows:

"The State of Texas, County of El Paso.

"Before me, the undersigned authority, on this day personally appeared Tsutomu Dyo, one of the defendants in the above styled and numbered cause, who after being by me duly sworn, on oath, says that the facts set forth in the foregoing special plea are, within his knowledge, true and correct.

"Tsutomu Dyo.

"Sworn and subscribed to by Tsutomu Dyo, one of the defendants in said cause, this 15th day of October, A. D. 1929. W. C. Roche,

"Notary Public in and for El Paso County, Texas.

"[Not'l Seal.]"

Appellee now contends that such verification was insufficient to support the plea as to the appellants North Mexico Mining Company and H. Kishi, and that we were in error in reversing the judgment of the trial court in so far as it applied to such appellants.

The answer which was verified by Dyo appears from the transcript to have been a joint answer, and under some of the holdings in this state was sufficient as to all of the defendants, Queen Ins. Co. et al. v. Keller et al. (Tex. Civ. App.) 186 S. W. 359; Jones et al. v. Austin, 6 Tex. Civ. App. 505, 26 S. W. 144; but, conceding the correctness of appellee's contention as to the sufficiency of the pleading to raise the question of failure of consideration as to Kishi and the North Mexico Mining Company, it seems to be well settled that appellee, by failing to except to the pleading on account of such defect, if defect it was, and by failing to object to the introduction of evidence on that phase of the case, has waived such defect and cannot now complain, Williams v. Bailes, 9 Tex. 63; Edwards, Gulf, C. & S. F. Railway Co. v. Jackson & Edwards (Tex. Civ. App.) 86 S. W. 47; St. Louis, S. F. & T. Railway Co. v. Wall (Tex. Civ. App.) 165 S. W. 527; Farris v. U. S. Fidelity & Guaranty Co. (Tex. Civ. App.) 251 S. W. 612; Citizens' Garage Co. v. Wilson (Tex. Civ. App.) 252 S. W. 186; Berry et al. v. Thomason et al. (Tex. Civ. App.) 261 S. W. 154.

Appellee, in support of his contention that the plea of failure of consideration is a nullity, in so far as Kishi and the North Mexico Mining Company are concerned, has cited the opinion of this court in National Railways of Mexico v. Escontrias, 19 S.W.(2d) 75.

We still adhere to the holding in that case, but the question there pleaded was not failure of consideration, but non est factum, and, under the holdings of our Supreme Court in Drew v. Harrison & Brothers, 12 Tex. 279, defects in the verification of the former plea may be waived by failure to object thereto, while in the latter a failure to verify renders the plea a nullity.

The reasons for the holding will be found in the case of Drew v. Harrison & Brothers, supra.

From the above we have concluded, if the plea was insufficient as to Kishi and the North Mexico Mining Company, that appellee has waived any defect as to verification, and that same presents no fundamental error.

Our opinion as to the grounds presented in the original motion is affirmed, and both motions are overruled.

HIGGINS, J., did not participate in this case.