[Civ. No. 4248. Third Appellate District.—January 26, 1931.]

B. NICOLL & COMPANY (a Corporation), Respondent, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Arthur M. Ellis and Thomas S. Bunn for Appellant.

C. E. Spencer and Alfred E. Dennis for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff had judgment on a surety bond

executed by the appellant for and on account of materials furnished the defendant George A. Simpson Company, in the performance of certain work. From this judgment the Surety Company appeals.

The complaint alleges the furnishing of materials and the failure of the Simpson Company to pay therefor. The questions before the court are whether the action.can be maintained, and whether, under the circumstances, the Surety Company is bound by its obligation.

So far as material for our consideration, the complaint and the undertaking set out therein executed by the Surety Company are as follows:

"That on or about the 5th day of August, 1926, in the County of Los Angeles, State of California, Geo. A. Simpson Company, as contractor, entered into a contract with T. R. Mini, as street superintendent of the city of Burbank, California, wherein and whereby said Simpson Company agreed to do and perform certain work and labor and furnish certain materials for the said city of Burbank for the improvement of that certain street in said city known and designated as Winona Avenue from the street in said city known as Hollywood way to the westerly limits of the city of Burbank, by grading and paving the same and installing water pipes therein in pursuance of and in accordance with the resolution of intention of the Board of Trustees of the said city of Burbank, numbered 785, adopted on or about April 1, 1926. That on said day the defendant herein did make, execute and deliver unto the said city of Burbank and the said street superintendent thereof, a bond to secure the payment of all materialmen, laborers and mechanics who might thereafter perform work and labor or furnish material to the said Geo. A. Simpson Company on said work, in the penal sum of $15,000.00; that said bond was filed in the office of the city clerk of said city and was approved by the Board of Trustees of said city of Burbank on August 5, 1926; that said bond is in words and figures as follows, to wit:

"National Surety Company of New York
"Capital and Surplus over $14,000,000
"Contractor's Bond
"Under act of covered in Chapter 303, 1919 Statutes May 10, 1919.

"Know all men by these presents: That Whereas Geo. A. Simpson Company, of Burbank, State of California, as contractor and principal, has this day entered into a contract with T. R. Mini, Street Supt. City of Burbank, as per plans and specifications thereof now on file in the office of the said city of Burbank, and to perform all work and furnish all the material in accordance with the specifications therefor, as is more fully set forth in said contract, to which said contract reference is hereby made; and

"Whereas, an act of the legislature of the State of California, entitled 'An act to secure the claims of materialmen, mechanics or laborers employed by contractors upon the said State, municipal or other public works, covered in Chapter 303, 1919 Statutes, approved May 10, 1910,' and its amendments, requires such contractors to file with the body by whom such contract was awarded a good and sufficient bond to secure the claims to which reference is made in this act, now these presents

"Witnesseth, That the said Geo. A. Simpson Company, as contractor and principal, and National Surety Company of New York, as surety, are held and firmly bound unto all materialmen who may furnish material or supplies to the said contractor, for the said work contracted to be done, and all mechanics and laborers who may perform work and labor of any kind or nature, in the sum of Fifteen Thousand and 00/100 ($15,000.00) gold coin of the United States, being not less than one-half of the total amount payable by the terms of this contract, for which payment, well and truly to be made, we bind ourselves, or heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

"Sealed with our seals and dated this 28th day of July, A. D. 1926.

"The condition of the above obligation is such, that if the above bounden contractor in said contract, or his or its sub-contractor, fails to pay for any materials, provisions, provender or other supplies, or teams used in, upon or about the performance of the work contracted to be done, or for any work or labor done thereon of any kind, the surety on this bond will pay the same, in an amount not exceeding said sum hereinbefore specified, provided that any and all claims shall be filed and proceedings had regarding the same,

as provided for by the terms of said act; otherwise, this bond shall be null and void.

> "GEO. A. SIMPSON COMPANY
> "(Signed) GEO. A. SIMPSON, Pres.
> "NATIONAL SURETY COMPANY,
> "(Signed) By GEO. D. MARCY,
> "Its Attorney in Fact."

The bond was duly acknowledged by the parties thereto. The claim of the plaintiff was filed within the time as prescribed by the act of 1919, but not within the time prescribed by the act of 1911.

Upon this appeal it is contended by the appellant that the bond executed by it is valid under the terms of the act of 1911, and must be construed as a bond given only under that act, and therefore, that the plaintiff has no standing in court by reason of not having filed its claim within the time limit therein specified. The language used by the appellant in this particular is as follows: "Considering the bond as a 1911 act bond, as the appellant represents it is, the bond is a valid contract, but the failure of the plaintiff to file his claim with the superintendent of streets within thirty days after the date of the recording of the assessment, was fatal to recovery thereunder."

The appellant sets forth in its answer a portion of the resolution adopted by the board of trustees of the city of Burbank, as follows: "Section 6. That the proceedings for the aforesaid improvement shall be had and taken under and in accordance with the act of the legislature of the State of California, designated and known as the 'Improvement Act of 1911, approved April 7, 1911', and all acts supplementary thereto, or amendatory thereof"; and in support of its answer attempted to introduce testimony showing that the proceedings relative to the improvement on Winona Avenue were taken and had in accordance with the provisions of said act. This testimony was all stricken out by the trial court, and the act of the court in so doing is assigned as error. We agree with the appellant that the ruling of the court in this particular was erroneous. The appellant had a right to show under what act the improvement was being done, the amount of the contract, and other particulars which might be taken into consideration in determining whether

the bond executed by the Surety Company could be held enforceable. This view, however, does not necessitate a reversal of the judgment. While it may be conceded that there is sufficient in the complaint to lead to the conclusion that the improvement was had under and in accordance with the provisions of the act of 1911 (Stats. 1911, p. 730), and that the bond in this case was not given in literal accordance with the provisions of section 19 of the act of 1911, as it read at the time of the execution of the contract and bond involved herein; there is no question but that the work done and contracted to be done on Winona Avenue was a public improvement. Following the admission and argument in support of appellant's theory that the bond must be construed only as a bond given under the act of 1911, appellant contends that the recitals in the bond that it was executed in pursuance of the Public Works Act, approved May 10, 1919, must be disregarded; and also, it is further argued that if the bond is construed as given under the act of 1919, then it is not valid for any purpose.

While it has been held frequently that mere recitals in a bond or undertaking that it is given in accordance with a certain act, will be disregarded if it appears from the undertaking that it was given under a different act. Such cases, however, are not pertinent here. The bond in question begins with the recital of the act of May 10, 1919 (Stats. 1919, p. 487), commonly called the "Public Works Act", which recital, if standing alone, might be disregarded, but when we come down to the condition of the obligation, we find specific references to the Public Works Act of 1919, which stamp the obligation as being given under that act. If held to be a bond given under the Public Works Act, is it enforceable?

Two cases are specially relied upon by the appellant in support of its claim that as such a bond, it is invalid. The first is that of *Evans* v. *Shackelford,* 64 Cal. App. 750 [222 Pac. 846], wherein this court considered at some length the questions also involved in the instant action in reaching a conclusion that the bond there involved was one given under the provisions of the Public Works Act. But it was not held in that case that the bond was invalid. The plaintiff was denied relief because he had not filed his claim in accordance with the provisions of the Public Works Act. This case is

not an authority in support of appellant's contention that as such a bond, it is unenforceable.

The second case strongly urged upon our attention is that of *Hoffman* v. *Kennedy*, 52 Cal. App. 612 [199 Pac. 341]. In that case it was held that the bond was invalid by reason of the fact that it did not cover sufficiently the provisions required to be in such a bond by section 8a of the Drainage Act under which the work was being performed. That case, however, is readily distinguishable from the one at bar. A quotation from the syllabus illustrates this fact: "A bond not running to the county, but to any and all persons performing labor, or furnishing materials, and not conditioned for the faithful performance of the contract, and a bond in the penal sum of one-fourth of the contract price and conditioned in accordance with the Public Works Act of 1897, as amended in 1915, failed to comply with the requirements of section 8a of the Drainage Act of 1913, and no recovery can be had thereon by sub-contractors." Section 19 of the act of 1911 specifies that every contractor, etc., to whom is awarded any contract in street work, before executing the said contract, shall file with the superintendent of streets a good and sufficient bond in a sum not less than one-half of the total amount, etc., executed by the principal and two sureties, and shall be made to inure to the benefit of any and all persons, companies or corporations who perform labor on, or furnish materials to be used in the work of improvement, etc. The Public Works Act (Stats. 1919, p. 487, sec. 1) specifies that every contractor, person, etc., to whom is awarded a contract for improvement, etc., of any building, road, excavating, or other mechanical work shall, before entering upon such work, file with the managers, trustees, officers, board of supervisors, etc., a good and sufficient bond in not less than one-half the total amount payable by the terms of the contract, the bond to be executed by the contractor and at least two sureties, etc., conditioned that if the contractor or his subcontractor fails to pay for any materials, provisions, provender or other supplies, etc., for or about the performance of the work, the surety will pay the same. Section 2 of the act then provides for the filing of a statement or claim, together with a statement that the claim has not been paid, within the time prescribed by section 1187 of the Code of Civil Procedure.

█ The fact that under the provisions of section 19 of the act of 1911, materialmen or laborers are given remedies which are not accorded them under the provisions of the act of 1919, as insisted upon by the appellant, is wholly immaterial so far as the obligation of the surety is concerned. Both the act of 1911 and 1919 provide for the giving of a bond or an undertaking to secure the payment to persons who have furnished materials. The fact that one of the sections is broader than the other, as to the extent of the materialmen or laborers who may have an action upon the bond, does not affect the validity of the bond if the person prosecuting the action has furnished that which is included within the terms of the section of the statute under which the obligation is executed by the surety.

The opinion in the case of *Hoffman* v. *Kennedy, supra,* shows that the court was constrained to render the decision which it did by reason of the fact that the bond, while not a common-law bond, did not conform sufficiently with any statute to constitute it a statutory bond, and therefore amounted to only a written instrument upon which no liability existed. █ The bond under consideration does conform to the Public Works Act of 1919, and may therefore be held to be a statutory bond upon which the sureties are liable, if the materials which were furnished were furnished and used in a public work or improvement. Such is the case here, even though the improvement is upon a street and not upon a building.

The appellant cites the cases of *Baum* v. *Whatcom County,* 19 Wash. 626 [54 Pac. 29]; *Miles* v. *Baley,* 170 Cal. 151 [149 Pac. 45]; *Milliron* v. *Dittman,* 180 Cal. 443 [181 Pac. 779]; *Adams* v. *Williams,* 97 Miss. 113 [Ann. Cas. 1912C, 1129, 30 L. R. A. (N. S.) 855, 52 South. 865], and a number of others to the effect that erroneous references or recitals, considered as surplusage, found in a bond, would not invalidate the same if it conformed to the act of 1911, and that it would bind the surety to the extent contemplated by the statute, and no further. These cases are all applicable, in support of the undertaking in this case, if based upon the act of 1919. █ The really vital point in this case is as to whether the claim or statement constituting the basis of the plaintiff's action, was filed on time and with the proper officers. If the act of 1919, upon which we think the bond

in this case is based, applies, then by its very terms the sureties are bound. In the condition of the obligation given by the appellant we find the following: " . . . Provided, that any and all claims shall be filed, and proceedings had regarding the same, as provided for by the terms of said act." (Reference being to the Public Works Act approved May 10, 1919.)

Having specifically obligated itself in this particular, we think that the appellant is estopped to raise any question as to the filing of claims, if the procedure in relation thereto followed the language of the bond. While not directly in point, the reasoning of the following cases would lead to such conclusion: *Tormey* v. *McIntosh,* 43 Cal. App. 411 [184 Pac. 1012]; *Lake* v. *O'Brien,* 54 Cal. App. 543 [202 Pac. 158]; *Togni* v. *Taminelli,* 11 Cal. App. 14 [103 Pac. 899]; *Boyd* v. *Liefer,* 144 Cal. 336 [77 Pac. 953]; 4 Cal. Jur. 367; 4 R. C. L. 67. Other authorities to the same point might be cited, but these illustrate the rule which we are setting forth, to wit, having, in clear and unambiguous language specifically directed when and how the claims should be filed, upon which it would consider itself bound, the appellant is now estopped to disclaim liability when the stated conditions have been strictly complied with.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1931.