## Boop *v.* Laurelton Lumber Company, Appellant.

*Negligence—Sawmill—Master and servant—Defective machinery.*

In an action by an employee against the owners of a sawmill to recover
damages for personal injuries sustained by reason of a defective fly wheel,
persons who have been engaged in the running and operating of sawmills
for many years, although not in the repair of fly wheels, may testify that
it was not good practice to repair fly wheels, but when they were broken
they should be consigned to the scrap heap. In such a case the burden is
upon the defendants to show that it was the ordinary and usual custom
for sawmill operators to place wheels broken as the one in question was,
in their mills, and not simply to show that the wheel was repaired as wheels
are usually repaired in machine shops.

Argued May 9, 1905. Appeal, No. 110, Jan. T., 1905, by
defendant, from judgment of C. P. Union Co., Sept. T., 1904,

No. 43, on verdict for plaintiff in case of Benjamin Boop by his next friend and father, Morris Boop, v. Laurelton Lumber Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before McCLURE, P. J.

At the trial it appeared that plaintiff, an employee of the defendant, was seriously injured on May 24, 1904, while working in defendant's sawmill.    There was evidence which tended to show that the accident was caused by a broken fly wheel which had been improperly repaired.

When John Anderson, a witness for plaintiff, was on the stand he was asked this question:

Mr. Johnson: Do you know the custom as to making repairs about engines?    A. Yes, sir; about engines.

The Court: Well, wheels?    A. Well, as I stated before, I never saw any repaired where I worked, never saw a fly wheel repaired; never had an occasion for it; I have seen them broken but never repaired them.    They throwed them out on the scrap pile.

The Court: I think we will allow the question to be asked; the man has been about sawmills many years.    Defendant excepts, and bill sealed. [1]

Anderson and other witnesses were permitted under objection and exception to testify that broken fly wheels even when repaired were not safe for use in sawmills. [2–15]

The court refused binding instructions for defendant. [21]

Verdict and judgment for plaintiff for $2,191.

On motion for a new trial McCLURE, P. J., filed the following opinion:

This case in all its features was essentially one for a jury. The closest question probably for them to decide was whether or not the broken wheel or the running away of the engine caused by the slipping or breaking of the main belt was the proximate cause of the accident to the plaintiff.    There was no direct evidence as to just how the belting became deranged, as the belts were off when the witness Keister saw the engine immediately before the accident.    The jury, however, has

found that the defective wheel was the proximate cause and there was sufficient evidence to justify this finding. Serious objection was raised to the admission of the testimony of some of the plaintiff's witnesses on the ground that they had not shown themselves to have been experts and hence their opinion was not admissible. From the defendant's point of view this may have been true, but the plaintiff's contention was that it was not good practice to repair fly wheels, and therefore the want of experience of the witnesses in making the repairs would not militate against their competency as witnesses, they having been engaged in the running and operating of sawmills and other machinery for many years. The plaintiff's theory was that no repairs should be made to a fly wheel, but when broken as this one was, it should be consigned to the scrap heap, as Mr. Townsend testified.

While some of the witnesses had greater experience than others, in the operation of machinery of the character in question, they all had sufficient to permit them to testify as experts.

Another position taken by defendant's counsel was that the plaintiff failed to show that this wheel was not repaired in accordance with the ordinary usage of the business, and that when the defendant proved by its witnesses that this wheel was repaired the way wheels of this kind are usually repaired, the plaintiff should not have been permitted to recover. It is, of course, well settled in Pennsylvania that an employer is only bound to furnish machinery and appliances that are of ordinary character and reasonable safety, and the former is the conclusive test of the latter. Whatever is according to the general, usual and ordinary course adopted by those in the same business is reasonably safe within the meaning of the law : Kehler v. Schwenk, 144 Pa. 348; Delaware River Iron Ship Building Co. v. Nuttall, 119 Pa. 149; Higgins v. Fanning & Co., 195 Pa. 599.

This rule fixing the usage of the business as the measure of safety applies to the business in which the parties are engaged —here the sawmill business. Hence to make the rule applicable to the case in hand it should be shown, not that the wheel was repaired as fly wheels of this character are usually repaired in machine shops for whatever use they may happen to be

put, but whether broken and repaired fly wheels such as this are generally, usually and ordinarily installed and kept in position by the owners of sawmills. The evidence shows that sawmill engines are prone to run away. This is no doubt caused by the variation of the load upon the engine. Part of the time, when the saws are not making a cut, all the engine has to do is to turn the shafting. Immediately when the saw strikes the log, all of the power of the engine is required. The tension is thus thrown suddenly and heavily upon the main belt, and the tendency is either to break it or throw it from the wheel. The main belt thrashing around either breaks or throws the governor belt off of the pulley, and there is nothing to control the engine.

This, of course, is much more likely to occur in small portable mills, but the evidence points to the fact that it is not an unusual occurrence in all sawmills for the engine to speed up beyond the limit required for the operation of the mill. Accordingly it becomes the duty of the owners to provide machinery that is reasonably safe under such circumstances. As we have said, to relieve the defendant by the rule of the ordinary usage of the trade, it should appear that it was the ordinary and usual custom for sawmill operators to place wheels broken as this one was in their mills, and not simply to show that the wheel was repaired as wheels are usually repaired in machine shops.

*Errors assigned* among others were (1–15) rulings on evidence, quoting the bill of exceptions; (21) in refusing binding instructions for defendant.

*George B. Reimensnyder*, with him *Philip B. Linn*, for appellant.

*Albert W. Johnson* and *Andrew A. Leiser*, with them *Andrew A. Leiser, Jr.*, for appellee.

PER CURIAM, June 22, 1905:

This judgment is affirmed on the opinion of the court below refusing a new trial.