# McGeehan *v.* Hughes, Appellant.

*Appeals—Judgment non obstante veredicto—Time for appeal.*

1. Where a judgment for defendants non obstante veredicto is reversed and the record remitted, and thereafter a judgment against the defendants is entered, the defendants' right of appeal as to time dates from the entry of the judgment against them.

*Negligence—Master and servant—Defective appliance.*

2. The test of negligence in methods, machinery and appliances is the ordinary usage of the business; but it is the test to disprove negligence, not to prove it; and mere proof that appliances used differ from those in ordinary use gives rise to no presumption of negligence. It is, however, competent for a plaintiff to show that the method used by the defendant was unusual and more dangerous in itself than the customary method.

Argued Jan. 5, 1909. Appeal, No. 166, Jan. T., 1908, by defendants, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1905, No. 1,366, on verdict for plaintiff in case of Bernard McGeehan v. William J. Hughes and Morris Boney, Jr., trading as Morris Boney & Son. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

For the facts see the opinion of the Supreme Court, and former report of the case, 217 Pa. 121.

*Errors assigned* were various rulings on evidence.

*W. W. Smithers*, with him *James Gay Gordon*, for appellant.

*Frederick H. Warner*, for appellee.

OPINION BY MR. JUSTICE FELL, March 1, 1909:

The plaintiff obtained a verdict in the common pleas in an action for personal injuries. Judgment was entered by that court for the defendants non obstante veredicto. On appeal to this court the judgment was reversed and, in accordance with the practice established by Hughes v. Miller, 192 Pa. 365, the record was remitted in order that such judgment might he entered, in accordance with the opinion filed, as law and justice required: see 217 Pa. 121. This appeal is by the defendants who are in the same position as appellants that they would have been if judgment had been entered on the verdict in the first instance, their right of appeal as to time dating from the entry of the judgment against them.

The first and second assignments of error relate to the admission of testimony to prove that the bucket which broke and caused the plaintiff's injury was not of a kind in ordinary and general use. The test of negligence in methods, machinery and appliances is the ordinary usage of the business: Titus v. Railroad Co., 136 Pa. 618. But it is the test to disprove negligence, not to prove it; and mere proof that appliances used differ from those in ordinary use gives rise to no presumption of negligence. "The party charged with negligence disproves it by showing that the tools he employed were those in general use in the business, but the converse does not follow. The party charging negligence does not show it by showing that the machinery was not in common use. If it should be so held, the use of the newest and best machinery, if not yet generally adopted, could be adduced as evidence of negligence:" Cunningham v. Bridge Works, 197 Pa. 625. It is, however, competent for a plaintiff to show that the method used by the defendant was unusual and more dangerous in itself than the customary method: McGeehan v. Hughes, 217 Pa. 121. This is in effect what was done.

The plaintiff's counsel had before stated, when another witness was on the stand, that it was his purpose to show that the bucket used was not of the kind in general use and that it was defective in construction, and "to follow this up by showing that it was not an ordinary and general bail but was worse than the one in general use." The question objected to was asked the next witness, and it was followed by proof that the bucket was weaker than the one in general use and that it was loaded much beyond the safety point.

The plaintiff's right to go to the jury was determined on the former appeal; and we find no error in the rulings at the trial nor in the charge, nor an abuse of discretion in refusing a new trial.

The judgment is affirmed.