# Liptak *v.* Kurrie, Appellant.

*Negligence—Master and servant—Safe means of access—Knowledge of danger—Instructions of superior—Minor.*

1. It is the duty of the employer to furnish his employees with reasonably safe means to perform the service required of them, and if no means or unsafe means are furnished for the purpose, the employer fails in the performance of a legal duty which he owes the employee.

2. An employer fails in its duty to its employees in furnishing a proper means of access to and descent from a place of employment upon a raised platform, where the only means of getting up and down was by the projecting ends of iron bars piled in racks under the platform and the top of other bars driven perpendicularly into the ground to hold the iron in place, such iron not having been placed there specifically for such a purpose, and for which it was insufficient and unsafe.

3. Under such circumstances, and after plaintiff has shown that the means of access were not only unusual but much more dangerous than ordinary, it is competent for the plaintiff to show the customary method of access to platforms used in similar establishments.

4. In an action against his employer to recover damages for injuries to a minor the question of defendant's negligence is for the jury where it appears that plaintiff, a boy of fourteen, was employed by defendant and put under orders of a foreman; that the latter directed him to climb up upon an elevated platform by means of the projecting ends of a pile of iron bars, which was the only means of access provided, and was used by the other employees; that while descending his feet slipped and he was injured; that the means of access were unusual and dangerous, and that the plaintiff had no knowledge of the danger by experience or instruction.

5. In such a case the plaintiff had a right to rely upon the representations and instructions of the foreman and cannot be held to have assumed the risk.

Argued Jan. 9, 1914.    Appeal, No. 128, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1912, No. 4167, on verdict for plaintiff in case of John Liptak, by his mother and next

friend, Mary Belagyi v. George R. Kurrie and Walter E. Cotton, individually and trading as Kurrie Brothers. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

Verdict for plaintiff for $5,500, and judgment thereon. Defendant appealed.

The opinion of the Supreme Court states the facts.

*Error assigned,* among others, was in discharging defendants' motion for judgment n. o. v.

*Maurice W. Sloan,* for appellants.

*Harry Felix,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, February 9, 1914:

This is an action of trespass brought by a boy fourteen years of age to recover damages for injuries which he sustained while employed as a helper about the defendants' factory. There was a verdict and judgment for the plaintiff and the defendants have taken this appeal.

We do not agree with the appellants' contention that there was no evidence of negligence which warranted the court in submitting the case to the jury. When the boy was employed by one of the firm he was put under the orders of his uncle, the foreman, and directed to obey his instructions. On the day of the accident the boy was directed by the foreman to go upon a platform and there pump oil into a tank. The platform was ten by sixteen feet and ten feet above the ground. The only means of access to it or descent from it was by an iron bar projecting perpendicularly from the ground and bars of iron resting on racks under the platform and extending some inches beyond it which were used as steps.

The foreman instructed the boy how to make the ascent. He was directed to use the perpendicular bar and the three or four bars of iron projecting from the racks beneath the platform. After he had mounted the platform, and had pumped the oil into the tank as directed by the foreman, he attempted to make the descent from the platform. In descending he had to face the platform and after stepping on the two or three projecting irons he attempted to put his foot on the perpendicular bar when his feet and hands slipped and he fell on the bar injuring him severely. The projecting bars were not fastened in any way and the lower two racks contained very light grades of iron which would not support a person's weight. It was, therefore, necessary in making the descent to step from the third projecting bar to the top of the perpendicular bar projecting from the ground and step from it to the ground. The platform was covered with grease and oil and the boy's hands were also greasy resulting from the pumping of the oil. This was the first occasion the boy had to go on the platform and he was not familiar with the manner of making the descent.

It is apparent that the defendants failed in their duty to the plaintiff and other employees engaged in the same service in furnishing proper means of access to and descent from the platform. In fact, no provision was made to reach the platform. The iron bars were not placed there for that purpose. The iron was piled in racks under the platform and the bars were driven perpendicularly into the ground to keep the iron in place. The bars were not projected from the racks for the purpose of being used to reach the platform. The employees made use of the iron bars to make the ascent to and descent from the platform because there were no other means furnished for the purpose. It is suggested in the argument that there were two stepladders in the building which could have been procured for the purpose, and that the boy should have gotten one of them

and used it instead of attempting to use the iron bars. Neither of the ladders referred to were fit for the service, one being too long and the other too short. If, however, these ladders could have been used it was not the duty of the boy, as the learned court below very properly said, to get them. As suggested above, when the boy was employed one of the defendants told him to obey the instructions of the foreman. This he was doing at the time he was injured. The foreman directed him to make the ascent and descent on the irons. The danger was not imminent. As appears by the evidence, this means had been used before for the purpose. The boy was using this means of descent from the platform by express direction of the defendants' foreman when he was injured, and it will not relieve defendants from liability if there were at the time in the building ladders which could have been used for the purpose. It was their duty to furnish reasonably safe means for the boy to reach the platform and to make his descent from it, and if the ladders in question were in the building and were proper for that purpose they should have procured them and the foreman should have instructed the boy to use them. The means which the defendants furnished for the boy's use were unsafe and dangerous. Proper ladders should have been used for the purpose. The evidence submitted was sufficient and clearly warranted the jury in convicting the defendants of negligence.

We see no merit in the third and fourth assignments of error. The excerpt from the charge embraced in the third assignment must be read in connection with its context. The court was then discussing the duty of the appellants to furnish the plaintiff with the proper means of reaching the platform. He told the jury substantially in this connection that they could only consider the question of the defendants' negligence if they found that the platform could not be safely approached without a ladder and that the place was not in the condition of such places in ordinary use in the business. Both of

these conditions must exist, according to the instruc-
tions, before liability would attach to the defendants.
Certainly the defendants have no right to complain of
these instructions; the plaintiff might do so.

It was the duty of the employer to furnish the plain-
tiff with reasonably safe means to perform the service,
and the learned court should have told the jury that if
they found that no means or unsafe means were fur-
nished for the purpose the defendants had failed in the
performance of a legal duty which they owed the plain-
tiff. There was no assumption of risk by the plaintiff in
the case. He was acting under express instructions by
the foreman as he was directed to do by one of the de-
fendats. This was his first attempt to make the ascent
or descent and he had no knowledge of the danger by
experience or instructions. Under the circumstances, as
disclosed by the evidence, he clearly had the right to rely
upon the representations and instructions of the fore-
man. An employee must know the dangers of his em-
ployment by actual experience in the employment, or by
the instructions of his employer, before he can be held to
have assumed them: Rummel v. Dilworth, 131 Pa. 509,
520. Here, the boy did not know the danger either from
experience or from the instructions of his employer.

Prior to the admission of the testimony complained
of in the third assignment the plaintiff had clearly
shown that the means of access to the platform were not
only unusual but much more dangerous than the ordi-
nary means used for the purpose. As has been sug-
gested, the defendants had really not furnished any
means of ascent to or descent from the platform but had
compelled their employees, performing the service, to
climb to the platform by means of these iron bars. Some
of the bars were too weak to sustain the weight of a
person, and both the platform and the bars were greasy
and slippery. It was after the production of such testi-
mony showing the unusual and very dangerous means
to reach the platform that the offer contained in the

third assignment was made. We have very recently ruled, McGeehan v. Hughes, 223 Pa. 524, that it is competent for the plaintiff to show that the method used by the defendant was unusual and more dangerous in itself than the customary method. The customary method in this case was a ladder or regular steps.

The judgment is affirmed.