# Campbell et al., Appellants, *v.* Wells Brothers Company.

*Negligence—Master and servant—Building construction — Iron worker—Raising derrick—Insufficient flooring—Fall—Evidence—Experts—Foreman—Act of June 10, 1907, P. L. 523.*

1. In an action against a construction company to recover for the death of plaintiff's decedent, an employee of defendant, who fell from the third floor of a building where he was engaged in hoisting the mast of a derrick, where the accident was alleged to have been caused by the negligence of defendant in failing to furnish sufficient planks to cover the part of the floor where decedent was working, testimony of a fellow workman engaged on the same floor, describing the conditions existing at the foot of the derrick where the plaintiff was working and stating that there were not sufficient planks to cover the floor, was competent, and the exclusion of such evidence was reversible error.

2. Where there is ample testimony to show that a certain employee of the defendant was in charge of the gang of men who were raising the derrick and was present during, and personally di-

rected, the laying of the planking around the foot of the derrick, such employee is within the Act of June 10, 1907, P. L. 523, relating to the liability of a master for the negligence of a vice-principal, and his employers are responsible for his negligence.

3. In such case, it was competent for plaintiff to show that the method used by the defendant in raising the derrick through the third floor was unusual and more dangerous in itself than the customary method, and the testimony of experts, who have duly qualified themselves to testify, was admissible for such purpose, but the expert should be asked his opinion, and not to make a comparison between conditions supposed to be similar in two building operations.

*Evidence—Purpose not clear—Offer of proof.*

4. Where a question put to a witness does not clearly disclose the purpose of the testimony, counsel should make a formal offer stating the purpose so that the court can rule the question intelligently.

*Trials—Evidence—Objections—Reasons therefor.*

5. The practice of objecting to testimony without stating a reason for the objection is not to be commended. Counsel should state reasons for their objections so as to enable the court to rule intelligently on the questions raised.

Argued Jan. 16, 1917.   Appeal, No. 203, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1911, No. 1683, entering compulsory nonsuit in case of William Campbell, in his own right, and William Campbell as Administrator of the Estate of Joanna Campbell, deceased, v. Wells Brothers Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Reversed.

Trespass for death of plaintiff's decedent.   Before FERGUSON, J.

The opinion of the Supreme Court states the case.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off.   Plaintiffs appealed.

*Errors assigned,* among others, were various rulings on evidence referred to in the opinion of the Supreme Court, and in refusing to take off the nonsuit.

*James J. Breen,* with him *Mark W. Collet,* for appellants.—Failure to furnish as safe a place to work to the employees engaged in a hazardous occupation as is usually and customarily given to men similarly employed is negligence: Geist v. Rapp, 206 Pa. 411; McGeehan v. Hughes, 217 Pa. 121; McGeehan v. Hughes, 223 Pa. 524; Welsh v. Carlucci Stone Co., 215 Pa. 34; Liptak v. Kurrie, 244 Pa. 117; Morrison v. South Penn Oil Co., 247 Pa. 263.

Workmen of years of experience in building construction at and prior to the time of decedent's death are competent to testify that the flooring was less efficient and less adequate and more dangerous than the flooring usually given workmen doing similar work: Boop v. Laurelton Lumber Co., 212 Pa. 523; McDonald v. Sundstrum, 31 Pa. Superior Ct. 241; Kehler v. Schwenk, 151 Pa. 505; Bardsley v. Gill, 218 Pa. 56; Titus v. Bradford, Bordell & Kinzua R. R. Co., 136 Pa. 618; Perry v. Jensen, 142 Pa. 125; Walbert v. Trexler, 156 Pa. 112; A. B. & J. Schaeffer v. Philadelphia & Reading R. R. Co., 168 Pa. 209.

*Robert P. Shick,* with him *Winfield W. Crawford,* for appellee, cited Schneider v. Philadelphia Quartz Co., 220 Pa. 548; Iams v. Hazel-Atlas Glass Co., 251 Pa. 439; Chambers v. Mesta Machine Co., 251 Pa. 618.

OPINION BY MR. JUSTICE MESTREZAT, February 12, 1917:

The learned court below was clearly wrong in excluding the testimony offered by the plaintiff to show that the defendant company had not furnished sufficient planks to cover that part of the third floor of the building where the deceased and his coemployees, engaged in hoisting the mast of the derrick, were required to work, and the lack of which planks made the place unsafe. The negligence laid in the statement is that the defendant "did not furnish to the said Alexander Campbell safe,

secure and proper means for the performance by him of his duties, as such employee, but on the contrary wholly neglected so to do, and did carelessly and negligently fail to provide proper flooring or covering, either permanent or temporary, at the point on the third floor of said building where the said Alexander Campbell was, at the time of said wrongs and injuries, working at the orders and under the direction of said defendant company." The testimony covered by the first and second assignments was competent to sustain the allegations of the statement. The testimony embraced in the first assignment was not simply the opinion of the witness, as the learned court presumably thought, but direct and positive evidence of the fact that there were not sufficient planks to cover the floor at the place the deceased was working. Welsh, the witness, and the deceased were structural iron workers and were working together on the third floor of the building in raising the derrick at the time the deceased fell through the open "bay" or panel to the basement and was killed. Welsh described the conditions existing at the foot of the derrick where the men were working, and then testified that there were not sufficient planks to cover the floor at that place. He testified to what he saw, and it was error to reject the evidence.

There are several assignments which, as we understand, were intended to raise the question of the right of the plaintiffs to show that the method used by the defendant in raising the derrick through the third floor was unusual and more dangerous in itself than the customary method. Testimony offered for such purpose was competent and should have been admitted: McGeehan v. Hughes, 223 Pa. 524; Liptak v. Kurrie, 244 Pa. 117. The testimony of experts, who have duly qualified themselves to testify, is admissible: Kehler v. Schwenk, 151 Pa. 505; Boop v. Laurelton Lumber Co., 212 Pa. 523; Bardsley v. Gill, 218 Pa. 56. Where a question put to a witness does not clearly disclose the purpose of the testimony, counsel should make a formal offer stating the purpose so that

the court can rule the question intelligently. The questions excluded by the court and covered by these assignments may be objectionable in form and, therefore, we will not convict the court of error by sustaining these assignments. An expert should be asked his opinion and not to make a comparison between conditions supposed to be similar in two building operations.

It will be observed that the learned counsel for the defendant failed, in every instance, to state the reasons for his objections to the testimony which was excluded and is covered by the several assignments of error. The counsel for the plaintiff requested the court to have the reasons for the objections stated, which the court declined. The objections to all the testimony were made by the counsel simply saying: "Objected to." This practice is not to be commended. Counsel should have stated the reasons for his objections so as to enable the court to rule intelligently on the questions raised.

In his remarks granting the nonsuit, the learned court says: "There is nothing to show that Mecker could be dignified by any such position as that of foreman or vice-principal or any officer which would require the men to obey him or do what he said." Some of plaintiffs' testimony was excluded on this theory of the case, and the action of the court is the subject of several assignments of error. These assignments must be sustained. We have carefully examined the testimony, and it was ample, if believed by the jury, to show that Mecker was in charge of the gang of men who were raising the derrick and was present and personally directing the laying of the planking around the foot of the derrick. This brought him within the Act of June 10, 1907, P. L. 523, and his employers are responsible for his negligence.

Judgment reversed with a procedendo.