R. E. GATEWOOD v. FT. WORTH & DENVER CITY RAILWAY COMPANY.

No. 3089.   Decided June 22, 1921.

(232 S. W., 493.)

1.—Damages—Evidence—Opinion.

In an action for damages to cattle by delay in their transportation by rail witnesses properly qualified may give an opinion as to the difference in the market value of the cattle in the condition in which they arrived at their destination and that in which they would have arrived but for the negligence of the defendant. Texas & P. Ry Co. v. Prunty, 111 Tex., 162, followed.   (P. 292).

2.—Jurisdiction of Supreme Court.

· Where the Supreme Court acquires jurisdiction of a case solely on the ground of dissent in the court below upon one point on which the case was reversed, and holds with the dissenting opinion, but other grounds were held to also warrant reversal, there being no dissent as to these and no power to review them, the judgment of reversal must be affirmed and the case remanded with instructions as to the one ruling so reviewed by the Supreme Court.   (Pp. 292, 293).

Error to the Court of Civil Appeals for the Second District, in an appeal from Johnson County.

Gatewood sued the railway company and recovered damages. On defendant's appeal the judgment was reversed and the cause remanded. On dissent in the Court of Civil Appeals as to one of the several grounds there held cause for reversal, the Supreme Court granted writ of error.

*Brown & Lockett, Thompson, Barwise, Wharton & Hiner,* and *Alfred McKnight,* for plaintiff in error.

The court erred in permitting appellee's counsel to ask appellee while on the witness stand testifying in his own behalf, as to what in his best judgment was the difference in the market value of the cattle in question per head in the condition in which they were in when delivered and the condition in which they should have been had they not been delayed in Fort Worth an unreasonable time, and erred in permitting appellee to answer said question over appellant's objections, that the same called for an opinion and conclusion of the witness on a mixed question of law and fact.  H. & T. C. R. R. v. Roberts, 101 Texas, 418; G., C. & S. F. Ry. Co. v. Bogy, 178 S. W., 577-79; I. & G. N. Ry. Co. v. Harmon, 173 S. W., 613, and cases cited; K. C., M. & O. Ry. Co. v. Beckham, 152 S. W., 228; T. & P. Ry. Co. v. Crowder, 157 S. W., 281, and cases cited; H. & T. C. R. R. Co. v. Hawkins & Nance, 167 S W., 190; St. L., I. M. & S. Ry. Co. v. Hurst & Riley, 135 S. W., 599; T. & P. Ry. Co. v. Jones, 124 S. W., 195-6; St. L. & S. F.

Ry. Co. v. May, 115 S. W., 901; G., H. & S. A. Ry. Co. v. Sweeney, 24 S. W., 947; Boyd v. Schreiner, 116 S. W., 100; M., K. & T. Ry. Co. v. Dement, 115 S W., 635-8.

*F. E. Johnson* and *S. C. Padelford*, for defendant in error.

The witness is not asked to state whether or not the cattle were delayed an unreasonable time in said yards, but to state the difference in the market value of said cattle on the hypothesis of an admitted fact, and the witness only answered as to this market value in answer to the only question propounded. 82 Texas, 104; 159 S. W., 111; 159 S. W., 375; 169 S. W., 1106; 162 S. W., 119; 156 S. W., 548; 163 S. W., 639; ST. L. I. M. & S. Ry. Co. v. Edwards, 78 Fed., 745; 152 S. W., 228; 151 S. W., 617; 151 S. W., 902; 150 S. W., 488; 145 S. W., 649; 149 S. W., 723; 134 S. W., 1061; 123 S. W., 737; 49 S. W., 898; 41 S. W., 690; 21 S. W., 137; 176 S. W., 778; 176 S. W., 634.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In this case—one for damages growing out of negligent delay in a shipment of cattle, certain witnesses on the trial were asked in substance to state the difference between the market value of the cattle in the condition in which they arrived at destination and that in which they would have arrived but for the negligence of the defendant. The witnesses, it appears, were qualified to give their opinion upon the subject, and the trial court permitted their answers to the questions. The Honorable Court of Civil Appeals for the Second District because of the admission of this testimony, among other grounds, reversed the judgment of the trial court and remanded the cause, Chief Justice Connor dissenting from the holding of the court as to the admissibility of the testimony. · We granted the writ of error because of the dissent.

We have recently determined the same question in Texas & Pacific Railway Company v. Prunty, 230 S. W., 396, holding such testimony as to market value to be admissible. That decision settles the question in this case.

This is the only ground of the reversal of the judgment by the Court of Civil Appeals which presents a question within our jurisdicton; and we have jurisdiction of this only because of the dissent. In addition to its holding upon this question, the Court of Civil Appeals reversed the judgment on account of the admission of other evidence, as to which the members of the court were agreed, and because in its opinion the evidence was insufficient to warrant the judgment. These latter questions are exclusively within the jurisdiction of the Court of Civil Appeals.

The case is withdrawn from the Commission of Appeals, to which it has been heretofore referred, and is here determined. We disapprove the holding of the Court of Civil Appeals on the testimony above indicated, but since it reversed the judgment of the trial court

upon other grounds as to which its jurisdiction is exclusive, its judgment is affirmed.

*Affirmed.*