## TEXAS PIPE LINE CO. v. VAUGHT.
(No. 11705.)*

Court of Civil Appeals of Texas. Fort Worth.
Feb. 26, 1927.

Rehearing Denied April 2, 1927.

1. **Negligence** ☞42—**Pipe line company need exercise only reasonable care in filling ditch (Vernon's Ann. Civ. St. 1922, art. 1306).**

Under Vernon's Ann. Civ. St. 1922, art. 1306, relative to condemnation of right of way by pipe line companies, only reasonable care is required of such company in filling ditch after exercising right of eminent domain.

2. **Negligence** ☞124(3)—**Evidence pipe line company filled ditch on right of way in careful and workmanlike manner, according to usual methods, held erroneously excluded.**

In action for injuries alleged to have resulted from loose dirt over pipe line laid by pipe line company, under agreement with owner and lessee, refusal to permit evidence that man employed by defendant laid pipe and filled ditch in careful and workmanlike manner, and that work was done according to methods generally used, *held* erroneous.

3. **Negligence** ☞121(1)—**One suing pipe line company for injuries, caused by loose dirt over pipe line, must prove defendant's negligence.**

Where owner and lessee had entered into agreement with pipe line company for laying pipe line across land, lessee suing for·injuries, caused by loose dirt immediately over pipe line, had burden of proving defendant's negligence in laying pipe or in filling ditch. -

4. **Appeal and error** ☞1067—**Failure to charge on measure of damages, in action for injuries caused by loose dirt over pipe line, held to require reversal.**

Failure of court to give charge on measure of damages, in action for injuries caused by loose dirt over pipe line, *held* to require reversal where objection was made to charge because such measure was not given.

5. **Negligence** ☞52—**Exception to allegation of defendant's negligence in failing to give notice of location of pipe line ditch should be sustained as to one with knowledge thereof.**

In action by tenant against pipe line company for injuries alleged to have resulted because of loose dirt immediately over pipe line, exception to allegation of negligence for failure to put up notices to warn people where ditch was should be sustained, where facts show that tenant saw laying of pipe and knew location thereof.

On Motion for Rehearing.

6. **Negligence** ☞124(3)—**Proof of general custom held admissible to show performance ·of safety requirements.·**

Where statutes require certain safety precautions to be taken, it is permissible to show that in the performance of a statutory requirement due care was exercised, and proof of general custom of others engaged in similar business is admissible for such purpose.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by G. B. Vaught against the Texas Pipe Line Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

H. S. Garrett, of Fort Worth, for appellant.

W. L. Scott, of Olney, for appellee.

BUCK, J. The Texas Pipe Line Company, during the year 1925, laid a pipe line across the farm and premises of G. H. Roach, in Young county. Before doing so, the' Texas Pipe Line Company, hereafter called the company, made satisfactory arrangements with G. B. Vaught, who had rented the place for that year, to compensate him for time lost and property damages by reason of the laying of the pipe. The company had previously purchased the right of way through the premises from G. H. Roach. On February 6, 1926, plaintiff, G. B. Vaught, filed his second amended petition, in which he alleged that, while plowing across the place where the pipe line was laid, one of his four head of stock pulling the plow stepped on the loose dirt immediately over the pipe line, and his foot sank down into the earth and he lunged forward, which caused the other horses to lunge forward and quicken their pace, and plaintiff was thrown from the place and was injured. He alleged that he was seriously and permanently injured by reason of defendant's negligence in not properly restoring the dirt taken from the ditch where the pipe was laid; that the ditch was not properly filled, in that the dirt was loose and did not afford a 'safe and firm passage for crossing over the ditch. The evidence showed that the point of his plow, after the front foot of one of the horses had gone down, hit the solid ground on the other side of the ditch and jerked and jarred the plow, and probably caused plaintiff to fall off of the plow.

Upon a trial before a jury, and upon special issues, the jury found that (1) on or about March 1, 1925, plaintiff received an injury to his left leg while cultivating the land in question; (2) that the defendant was guilty of negligence in the way and manner of filling the ditch, where the injury occurred; (3) that such' negligence was the proximate cause of the injury to plaintiff; (4) that the plaintiff was not guilty of contributory negligence in driving his team and plow over said ditch in the way and manner he did; (5) that the injury to the plaintiff was not the result of an accident; (6) that plaintiff used ordinary care and prudence to cure his injury, as speedily as practicable, considering all the facts and circumstances surrounding him; (7) that plaintiff's injury is permanent; (8) that $8,000 would fairly and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

*Writ of error dismissed for want of jurisdiction May 11, 1927.

reasonably compensate the plaintiff for the injury and damage he sustained.

Upon this verdict, the court entered judgment that plaintiff recover from defendant the sum of $8,000, with interest from the date of the judgment and costs of suit. From this judgment the defendant has appealed.

### Opinion.

The evidence showed that plaintiff was injured as he made his last round for the day, and that he had been plowing over the pipe line during the day. The evidence further showed that the defendant, in filling up the ditch after the pipe line was laid, merely scraped the dirt taken out of the ditch back into the hole and left it somewhat loose; that is, not tamped down, and did not run a roller over it. The ditch was from 20 to 24 inches deep, and ran through a cotton field where the accident occurred, and there were cotton stalks, cockle burrs, and other weeds in the field at the time of digging the ditch. The plaintiff testified that after the accident he went to the place where his horse's foot sank in the ditch, and found at that place some cotton stalks and cockle burrs in the ditch, which made a little pocket and that his horse's foot sank down some 6 inches.

Section 1 of the Act of March 31, 1919, article 1306 (Vernon's Statutes, 1922 Supp.), relating to the right of condemnation by pipe line companies, provides:

"Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, rights of way, easements and property of ' any person or corporation. * * * The manner and method of such condemnation' shall be the same as is provided by law in the case of railroads; * * * provided, * * * that all such pipes and pipe lines, when same shall pass through or over the cultivated or improved lands of another, shall be well buried under ground at least twenty inches under the surface, and such surface shall be properly and promptly restored by such corporation unless otherwise consented to by the owners of such land. * * *"

[1, 2] Defendant alleged that it was necessary that the soil should be replaced in the ditch loose, because when the hot oil was forced into the pipe line, it caused the pipe to expand, and that thereby the pipe line moved and adjusted itself in the ditch, and if the soil was tamped or packed in the ditch this movement or adjustment of the pipe line would not be allowed. The defendant tendered testimony of witnesses who had been engaged in the laying of pipe line for many years, to the effect that the manner of filling the ditch employed by the defendant was the only manner that was practicable and the only one in use by those engaged in such work. Defendant objected to the application of the statute heretofore mentioned and in part quoted, inasmuch, as claimed, the statute evidently had in view the manner of laying a pipe and filling the ditch where condem-

nation was resorted to; that in the instant case the right of way had been purchased by contract, and defendant was under no obligation to obey the statute; that it was only duty bound to exercise reasonable care in filling the ditch, and if it did exercise such reasonable care, it was not responsible for the injuries sustained by plaintiff. We do not think it necessary for us to determine whether the statute quoted is applicable to the instant case or not, but we do hold that, even under the statute, only reasonable care was required of defendant in filling the ditch. One of the witnesses whose evidence was tendered and excluded by the trial court was E. H. Davidson, who testified that he was district foreman for the Texas Pipe Line Company and occupied that position in 1925; that he knew about the construction of the pipe line involved in this suit by the Janes Construction Company, which dug the ditch and back-filled it. George C. Nelson testified that he was foreman and had had 5 years' experience in the construction of pipe lines, including back-filling of ditches throughout the oil fields of Texas, Louisiana, and Arkansas; that he was familiar with the usual and ordinary way in which a ditch in which a pipe line, for water, gas, or oil, is laid and back-filled. He was asked the following question:

"State whether or not this particular ditch, the one involved in this law suit, was back-filled in the usual and ordinary manner in which such work is usually and ordinarily done throughout the oil fields in Texas."

To which he answered, "It was.'

This character of testimony was offered by several witnesses, but was not admitted, evidently on the ground that the duty of the defendant was statutory.

The word "buried," as used in the statute, evidently means "covered up with earth." The verb "bury" means, according to Webster's New Int. Dictionary, "to cover out of sight, as a corpse in a grave, a tomb, or the ocean. To 'cover out of sight by heaping something over or by placing within something; to conceal by covering; to hide, as to bury coals in ashes; to bury the face in the hands."

[3] It is our opinion that plaintiff in the instant case had the burden of proving the asserted negligence of defendant in laying the pipe or in filling the ditch. Such negligence is not proved by merely showing that an accident happened. G. H. & S. A. Ry. Co. v. Landeros, 264 S. W. 524, by the Galveston Court of Civil Appeals; Wichita Valley Ry. Co. v. Helms, 261 S. W. 225, by the El Paso Court of Civil Appeals. We are of the opinion that defendant should have been permitted to prove, if it could, that the men employed by it laid the pipe and filled the ditch in a careful and workmanlike manner, and that the testimony offered by the defendant

and excluded by the court, to the effect that the work was done according to the methods used by those engaged in that character of work generally, was admissible.

In H. & T. C. Ry. Co. v. Alexander, 103 Tex. 594, 132 S. W. 119, our Supreme Court said:

"The evidence, without controversy, shows that the condition existing in this respect was the usual and normal one resulting from the use to which the box was put. There was nothing in it different from that of such things customarily furnished for the use of employees in the railroad business. It was not an unusual or unexpected condition in any respect, nor one from which the employees looked for protection by precautions taken by the employer. When the condition, only complained of after the event, thus conclusively appears to have been so treated by employer and employees engaged and skilled in the business, differing in no respect from others following the same business, how can a court or a jury say that there was a failure to use the care which persons of ordinary prudence would devote to that subject? How can any conclusion be sustained but that the conduct of the business in this instance was as it is in others and that those engaged in it so regarded it and treated the risk resulting as one of the incidents of that business? * * * But what is the standard by which the question, whether or not that care has been exercised, is to be determined but the conduct of prudent and careful men in the business under investigation?"

In Ft. W. & D. C. Ry. Co. v. Gatewood (Tex. Civ. App.) 185 S. W. 934, affirmed by the Supreme Court, 111 Tex. 291, 232 S. W. 493, Mr. Justice Dunklin, speaking for this court, said:

"The rule is well settled that unless the conduct of a business in a certain manner is negligence per se, then proof of a general custom of others following a like business to pursue the same course is admissible, as tending to show that the method so adopted was not a negligent one. H. & T. C. Ry. v. Alexander, 103 Tex. 594, 132 S. W. 119; Missouri, K. & T. Railway v. Pace (No. 8308) 184 S. W. 1051, by this court."

In McGeehan v. Hughes, 223 Pa. 524, 72 A. 856, the court said:

"The test of negligence in methods, machinery and appliances is the ordinary usage of the business."

See Wilson v. Werry (Tex. Civ. App.) 137 S. W. 390, writ of error refused.

In Louisville Bolt & Iron Co. v. Hart, 122 Ky. 731, 92 S. W. 951, the court held that testimony concerning the usual and customary way of reducing iron to working metal was admissible on the issue of whether the employer furnished sufficient appliances. The court said:

"A jury would have been unable to say whether the care taken in the particular case was ordinary care or not."

We believe the trial court erred in excluding the testimony offered by the defendant as to what was the usual and customary way and method of performing the work of laying pipe and filling ditches.

[4] It is also urged that the trial court erred in not giving a charge on the measure of damages. No such charge was given, the court merely submitting the issue as to what amount of money, paid in cash, would fairly and reasonably compensate the plaintiff for the injury and damage, if any, that he received. The defendant objected to the charge of the court because of the failure to give any charge on the measure of damages. It is held in the G. C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183, that it is no longer necessary to request instructions supplying needed qualifications of a charge not affirmatively erroneous, where timely objection was made to the charge on such grounds.

In St. L., S. F. & T. Ry. Co. v. Wall, 165 S. W. 527, the Amarillo Court of Civil Appeals held that where a cause is submitted upon special issues it is not necessary to charge on the measure of damages. On application for writ of error, the application was dismissed by the Supreme Court for want of jurisdiction, the suit having arisen in the county court.

In Humble Oil & Refining Co. v. McLean, 280 S. W. 557, by the Commission of Appeals, the court reversed a judgment on the ground that the charge given in the nature of a general charge was suggestive, but we find nothing in this case to the effect that definitions, when requested, should not be given in a trial where the cause is submitted to the jury on special issues.

In City of Brownsville v. Crixell (Tex. Civ. App.) 275 S. W. 430, the court said:

"The part of plaintiff's charge defining the measure of damages in cases of injury to real estate and personal property, respectively, was wholly unnecessary and inapplicable in the case, because it was submitted on special issues which required the jury to find the reasonable market value of the realty immediately before and immediately after the injury, leaving the damages to be assessed by the court by applying the proper measure to the amounts as found by the jury. The jury was not concerned with the question of the measure of damages. Pac. Express v. Lasker Real Estate Ass'n, 81 Tex. 83, 16 S. W. 792."

By reference to the Supreme Court decision, cited in the quotation above, it will be found that neither the Court of Appeals decision nor the Supreme Court decision laid down the rule that, where causes are submitted on special issues, no charge on the measure of damages should be given where the facts make such charge advisable in order to inform the jury the matters they may take into consideration in reaching their verdict on this issue.

Application for writ of error in the City of Brownsville v. Crixell Case was dismissed

for want of jurisdiction by the Supreme Court. We see no reason why the jury should be turned loose to speculate on the amount of damages, where the appellant objected to the charge because such measure was not given by the court, and think for this reason the judgment below must be reversed.

[5] Appellant also excepted to the plaintiff's petition on the ground that it alleged as one of the acts of negligence that the defendant did not put up notices to warn people who were on or using the farm where the ditch was. The facts show that plaintiff below was a tenant using the cultivated lands where the pipe had been laid, and saw the laying thereof, and knew the location, and had plowed over it all day. On another trial, we think the court should sustain the exception to this allegation.

Appellant also complains of the argument of counsel for appellee and has other grounds of error presented in his brief, but we do not believe it necessary to discuss them.

For the reasons stated, the judgment below is reversed and the cause is remanded.

### On Appellee's Motion for Rehearing.

Appellee files a motion for rehearing, consisting of 65 pages, most of which seems to deal with questions under a misconception of our holding on original hearing.

[6] We did not hold on original hearing that article 1306, Civil Code (Vernon's Ann. Civ. St. Supp. 1922), did not apply to cases where the owner of the land by contract agreed to give a pipe line company the right of way over his land, but simply held that, even under said statute, it was a question of fact whether the dirt from the ditch constructed over said land was properly restored and the ditch properly filled, and that as to that issue certain evidence excluded by the trial court was admissible. Certainly the statute does not contemplate that in filling the ditch the pipe line is required to put each part of the dirt removed from said ditch into the place occupied by it before it was removed. Such a construction would require the pipe line company to do an impossible thing, and we must presume that the Legislature was only requiring a duty reasonably possible of performance. We do not decide the question as to the applicability of the statute, but simply say that if it does apply, the defendant below had the right to show that it reasonably exercised due diligence and care in the effort to comply with the statutory requirements, and that the ditch was so filled. We recognize the rule as well established by many authorities, such as Mo. Pac. R. R. Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776, and T. B. & H. Ry. Co. v. Warner, 88 Tex. 642, 32 S. W. 868, that a statutory requirement as to things to be done cannot be varied or superseded by showing that the precautions taken and the efforts made to avoid injury were, according to the best usage and custom of those employed in similar lines, in the exercise of due care. But if a statute requires certain safety precautions to be taken, then we think it is permissible to show that in the performance of the statutory requirements due care was exercised, and as to this we think the proof as to what was the general custom of others engaged in a similar business was admissible. We think it was permissible for the defendant to show what was the usual and customary way of back-filling the ditches, or "burying" the pipe line. Such evidence did not vary or contradict the statutory requirement. We think it was for the jury to say whether the method used by appellant to "back-fill" the ditch was a method reasonably calculated to properly restore the dirt to its former place, and that in considering and determining this question, the jury should have been permitted to hear the evidence offered by defendant. The motion for rehearing is overruled.

Appellant urges that we should reverse the judgment and here render judgment for defendant below, but such course would deprive plaintiff of the right of trial by a jury of the question as to whether defendant used care in its effort to comply with the statutory requirement, and as to whether the ditch as filled was properly filled.

The motion for rehearing is overruled.